**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **BELMONT HOLDINGS CORP.,** Individually and on Behalf of All Others Similarly Situated, <br><br>          Plaintiff, <br><br>     v. <br><br> **SUNTRUST BANKS, Inc., et al.,** <br><br>          Defendants. | 1:09-cv-1185-WSD |
| **AMERICAN EUROPEAN INSURANCE COMPANY,** Individually and on Behalf of All Others Similarly Situated, <br><br>          Plaintiff, <br><br>     v. <br><br> **SUNTRUST BANKS, Inc., et al.,** <br><br>          Defendants. | 1:09-cv-1310-WSD |
| **EDWARD ZEVIN, D.O.,** Individually and on Behalf of All Others Similarly Situated, <br><br>          Plaintiff, <br><br>     v. <br><br> **SUNTRUST BANKS, Inc., et al.,** <br><br>          Defendants. | 1:09-cv-1459-WSD |

## OPINION AND ORDER

This matter is before the Court on American European Insurance Company's ("AEIC") Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Lead and Liaison Counsel [59], Greek Catholic Union of the U.S.A.'s ("GCU") Motion for Appointment as Lead Plaintiff, Appointment of its Choice of Counsel and Consolidation of Related Actions [61], Belmont Holdings Corp.'s ("Belmont") Motion for Consolidation, Appointment as Lead Plaintiff and Approval of its Selection of Lead Counsel [62], and on GCU's Motion for Oral Argument on Competing Motions for Appointment of Lead Plaintiff [71].

### I. BACKGROUND

Three class action lawsuits, <u>Belmont Holding Corp. v. SunTrust Banks, Inc.</u>, No. 09-cv-1185; <u>American European Insurance Co. v. SunTrust Banks, Inc.</u>, No. 09-cv-1310; and <u>Zevin v. SunTrust Banks, Inc.</u>, No. 09-cv-1459, are pending before the Court. These actions are brought pursuant to Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "1933 Act"), 15 U.S.C. §§ 77k, 77l(a)(2) and 77o, on behalf of all persons who purchased SunTrust Capital IX 7.875% Trust Preferred Securities (the "Securities") of SunTrust Banks Inc. ("SunTrust") pursuant or traceable to a false and misleading registration statement and

prospectus (collectively, the "Registration Statement") issued in connection with the Company's February 2008 initial public offering of the Securities.

Plaintiffs AEIC, Belmont and GCU each move the Court to consolidate these actions pursuant to Federal Rule of Civil Procedure 42. Plaintiffs each further move the Court to appoint each of them lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1, and to approve their selection of lead counsel.

**II. DISCUSSION**

    a. <u>Consolidation of Actions under Rule 42</u>

The parties having all moved for and agreed to consolidation of these actions, the cases were consolidated on August 27, 2009 [72]. The parties' present motions for consolidation are accordingly moot.

    b. <u>Appointment of Lead Plaintiff</u>

The PSLRA establishes procedures governing the appointment of a lead plaintiff in "each action arising under the [1933 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(1) and (a)(3)(B)(i). The procedures are straightforward.

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to

file a motion for appointment as lead plaintiff.  15 U.S.C. § 77z-1(a)(3)(A)(i).  Second, within 60 days after publication of the notice, any member of the purported class may move the Court to be appointed lead plaintiff.  15 U.S.C. § 77z-1(a)(3)(A)(i)(II) and (B).  Third, the PSLRA provides that within 90 days after publication of the notice, the Court shall consider any motion made by a purported class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be the most capable of adequately representing the interests of class members.  15 U.S.C. § 77z-1(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that --
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(b)(iii)(I).

The PSLRA "sets up a rebuttable presumption that the plaintiff with the largest stake in the controversy will be the lead plaintiff." In re Cavanaugh, 306 F.3d 726,729 n.2 (9th Cir. 2002). "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." Id., 306 F.3d at 732. Furthermore, the PSLRA "favors institutional investors with large amounts at stake." Plymouth County Ret. Sys. v. Carter's, Inc., 2009 U.S. Dist. LEXIS 20582, at *3 (N.D. Ga. 2009).

These provisions of the PSLRA are consistent with the class representative characteristics stated in Federal Rule of Civil Procedure 23, which require a class representative to have claims or defenses that are typical of the class and to be capable of fairly and adequately protecting the interests of the class. Fed. R. Civ. P. 23(a); see also Carter's, 2009 U.S. Dist. LEXIS 20582, at *6 ("manifest intent of the PSLRA is to determine plaintiff most capable of pursuing the action and representing the interest of the class").

The process for the appointment of a lead plaintiff has been followed here. Notice to the class was timely published via GlobeNewswire on May 15, 2009, informing class members of their right to file a motion for appointment as lead

plaintiff. AEIC, Belmont, and GCU each moved to be appointed. It is undisputed that Belmont alleges the largest sustained loss. Belmont claims a loss of $1,272,000; GCU claims a sustained loss of $234,000; and AEIC claims a sustained loss of $31,000. With the largest financial interest in the relief sought by the class, Belmont is presumptively the lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(b)(iii)(I)(bb). If Belmont otherwise satisfies the typicality and adequacy requirements of Rule 23, Belmont should serve as lead plaintiff. Id.; Cavanaugh, 306 F.3d at 732.

"Typicality exists when a plaintiff's injury arises from or is directly related to a wrong to a class, and that wrong includes the wrong to the plaintiff." Andrews v. AT&T Co., 95 F.3d 1014, 1022 (11th Cir. 1996). None of the persons seeking to be appointed lead plaintiff dispute that Belmont's claims are typical of the other class members because Belmont purchased Securities pursuant to the Registration Statement in the Offering.

To be appointed, Belmont must be an adequate representative. The adequacy requirement is satisfied if there is no conflict of interest between the representative and the class and if it is evident that the representative will adequately pursue prosecution of the lawsuit. Bostick v. SMH (US) Inc., 1998 LEXIS 18015, at *10 (N.D. Ga. October 29, 1998). No one disputes that Belmont,

an institutional investor, has the experience and resources to vigorously pursue the claims of the class.

To the extent that there is any opposition to Belmont's motion to be appointed lead plaintiff, it comes from GCU, which raises a number of concerns it argues indicate that Belmont is an inappropriate choice for lead plaintiff. To overcome the rebuttable presumption in favor of Belmont's lead plaintiff appointment, which arises because it has the largest financial interest in the relief sought by the class, proof is required to show that Belmont "will not fairly and adequately protect the interests of the class" or that Belmont "is subject to unique defenses that render [it] incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(3)(b)(iii)(II). GCU offers various observations that suggest that Belmont is not the preferred representative plaintiff, such as Belmont is not a "true" institutional investor, but a privately-held investment vehicle for an individual billionaire whose affairs are "clouded in secrecy," that Belmont sought lead plaintiff appointment in four other actions and is becoming a "professional plaintiff," and that Belmont is too enmeshed in other litigation to devote the attention necessary to adequately pursue this matter. GCU does not, however, offer any proof that Belmont is an inadequate or inappropriate representative. The evidence suggested does not indicate that Belmont has any conflicts of interest that

render it incapable of fulfilling the fiduciary duty owed to the class.  While the PSLRA bars a plaintiff from being designated as lead plaintiff if that plaintiff has been designated lead plaintiff in five (5) securities class actions suits within a three-year period, 15 U.S.C. § 78u-4(a)(3)(B)(vi), GCU concedes that Belmont is not now considered a "professional plaintiff."  By GCU's admission, the bar does not apply.

The Court finds that Belmont meets the typicality and adequacy requirements of Rule 23, and appoints Belmont as lead plaintiff.

    c. <u>Approval of lead counsel</u>

The PSLRA permits the lead plaintiff to select and retain lead counsel, subject to court approval.  <u>See</u> 15 U.S.C. § 77z-1(a)(3)(B)(v).  Belmont has selected Coughlin Stoia and Bernard Gross, of Coughlin Stoia Geller Rudman & Robbins LLP, to serve as lead counsel.  Counsels' experience and ability are not disputed, and Court approves Belmont's choice of lead counsel.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that American European Insurance Company's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Lead and Liaison Counsel [59] is **DENIED**.

**IT IS FURTHER ORDERED** that Greek Catholic Union of the U.S.A.'s Motion for Appointment as Lead Plaintiff, Appointment of its Choice of Counsel and Consolidation of Related Actions [61] is **DENIED**.

**IT IS FURTHER ORDERED** that Belmont Holdings Corp.'s Motion for Consolidation, Appointment as Lead Plaintiff and Approval of its Selection of Lead Counsel [62] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Belmont Holdings Corp. is **APPOINTED** lead plaintiff and that Coughlin Stoia Geller Rudman & Robbins LLP are approved as lead counsel.

**IT IS FURTHER ORDERED** that Plaintiff Greek Catholic Union of the U.S.A.'s Motion for Oral Argument [71] is **DENIED**.

**SO ORDERED** this 29th day of September, 2009.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE