# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BELMONT HOLDINGS CORP., <br><br> Plaintiff, <br><br> v. <br><br> SUNTRUST BANKS, INC. et al., <br><br> Defendants. | CIVIL ACTION NO. <br> 1:09-CV-01185-WSD |

## MEMORANDUM OF LAW IN SUPPORT OF THE
## UNDERWRITER DEFENDANTS' MOTION TO DISMISS

Of Counsel:

JOHN J. CLARKE, JR.
(Admitted *pro hac vice*)
john.clarke@dlapiper.com
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York  10020
Tel:  (212) 335-4500
Fax:  (212) 335-4501

Dated:  January 29, 2010

MARK E. GRANTHAM
Georgia Bar No. 305625
mark.grantham@dlapiper.com
DAVID A. TERRY
Georgia Bar No. 051508
david.terry@dlapiper.com
DLA PIPER LLP (US)
One Atlantic Center
1201 West Peachtree Street, Suite 2800
Atlanta, GA 30309-3450
Tel: (404) 736-7800
Fax: (404) 682-7800

Attorneys for the
 Underwriter Defendants

# Table of Contents

Page

Table of Authorities .................................................................................................. ii

PRELIMINARY STATEMENT ................................................................................1

SUMMARY OF PLAINTIFF'S CLAIMS .................................................................3

ARGUMENT -- THE COMPLAINT SHOULD BE DISMISSED AS TO
          ALL OF THE UNDERWRITER DEFENDANTS .......................5

I.     Plaintiff Has Failed to Allege Any Actionable Misstatement or
      Omission ...........................................................................................................5

II.    Plaintiff Has Failed to Allege a Facially Plausible Claim
      Against the Underwriter Defendants ............................................................5

      A.    Plaintiff Has Alleged Nothing More Than Legal and Factual
            Conclusions ..........................................................................................6

      B.    Plaintiff Does Not Allege Any Facts Suggesting That
            the Underwriter Defendants' Reliance on the E&Y Opinions
            Was Unreasonable ...............................................................................8

CONCLUSION ........................................................................................................15

# Table of Authorities

                                                                  **Page**

<u>Cases</u>

*Ashcroft v. Iqbal,*
    __ U.S. __, 129 S. Ct. 1937 (2009) ............................................................. *passim*

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ................................................................................. *passim*

*Conley v. Gibson,*
    335 U.S. 41 (1957) ............................................................................................. 14

*Davila v. Delta Air Lines, Inc.,*
    326 F.3d 1183 (11th Cir. 2003) ......................................................................... 8

*Griffin v. PaineWebber Inc.,*
    84 F. Supp. 2d 508 (S.D.N.Y. 2000) ........................................................ 12, 13

*In re AFC Enters., Inc. Sec. Litig.,*
    348 F. Supp. 2d 1363 (N.D. Ga. 2004) ..................................................... 12, 13

*In re CIT Group, Inc. Sec. Litig.,*
    349 F. Supp. 2d 685 (S.D.N.Y. 2004) ............................................................ 12

*In re Fleming Cos. Inc. Sec. & Derivative Litig.,*
    No. CIV A. 5:03-MD-1530-TJW,
    2004 WL 5278716 (E.D. Tex. 2004) ................................................... 11-12, 13

*In re Friedman's, Inc. Sec. Litig.,*
    385 F. Supp. 2d 1345 (N.D. Ga. 2005) ..................................................... 12, 13

*In re Global Crossing, Ltd. Sec. Litig.,*
    313 F. Supp. 2d 189 (S.D.N.Y. 2003) ....................................................... 12-13

*Newby v. Enron Corp.,*
    258 F. Supp. 2d 576 (S.D. Tex. 2003) ...................................................... 12, 13

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Dynegy, Inc.*
    *(In re Dynegy, Inc. Sec. Litig.),* 339 F. Supp. 2d 804 (S.D. Tex. 2004) ............ 11

                                                                                         Page

*Sinaltrainal v. The Coca-Cola Co.,*
   578 F.3d 1252 (11th Cir. 2009) ........................................................................... 8

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
   551 U.S. 308 (2007) ............................................................................................ 3

## Statutes and Rules

15 U.S.C. §§ 77k ................................................................................... *passim*

15 U.S.C. § 77k(b)(3)(C) ............................................................................ 8-14

15 U.S.C. § 77*l*(a)(2) .............................................................................. *passim*

Federal Rule of Civil Procedure 8(a)(2) ........................................................... 1, 14

Federal Rule of Civil Procedure 9(b) .................................................................... 1

Federal Rule of Civil Procedure 12(b)(6) ..................................................... *passim*

Defendants Morgan Stanley & Co. Incorporated, Citigroup Global Markets Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, UBS Securities LLC, Banc of America Securities LLC, and SunTrust Robinson Humphrey, Inc. (collectively, the "Underwriter Defendants"), by their undersigned counsel, respectfully submit this memorandum of law in support of their motion to dismiss the consolidated amended complaint in this action (Doc. No. 78) (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[1]

## PRELIMINARY STATEMENT

The Underwriter Defendants are an apparent afterthought in this action. In plaintiff's 106-page long, 247-paragraph Complaint, the Underwriter Defendants are mentioned in a total of only 15 paragraphs, of which 7 paragraphs merely identify who they are. *See* Compl., ¶¶ 50-56. The Complaint does not identify a single statement made directly by any Underwriter Defendant that plaintiff asserts was in any way false or misleading.

To the contrary, plaintiff's case against the Underwriter Defendants is based entirely on statements that allegedly were made by SunTrust Banks, Inc.

---

[1] The Underwriter Defendants join with the SunTrust Defendants in asserting that plaintiff's claims sound in fraud and are subject to the heightened pleading requirements for such claims provided for under Federal Rule of Civil Procedure 9(b). In any event, the Complaint fails to state a claim even under the pleading standard of Federal Rule 8(a)(2) for the reasons set forth herein.

("SunTrust"), certain SunTrust senior officers or SunTrust's independent registered accounting firm Ernst & Young LLP ("E&Y"). Those statements did not appear in the registration statement or prospectus for the offering of trust preferred securities that is at issue in this action, but rather were made in SunTrust's Form 10-K for 2007, which was incorporated by reference into the offering documents.

The Underwriter Defendants join in, and incorporate by reference, all of the arguments advanced by SunTrust and the related individual defendants (the "SunTrust Defendants") as to why those statements do not, indeed cannot, form the basis for liability under sections 11 and 12(a)(2) of the Securities Act of 1933. Those arguments also apply to the claims asserted against the Underwriter Defendants.

The claims against the Underwriter Defendants suffer from other fatal infirmities as well. Under *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint that is not facially plausible must be dismissed, even under the more lenient pleading standards of Federal Rule 8(a)(2). Plaintiff's claims against the Underwriter Defendants boil down to one conclusory paragraph of the Complaint that is not supported by a single factual allegation, requiring dismissal.

Further, as plaintiff itself alleges, the offering documents incorporated E&Y opinions with respect to its audit of SunTrust's financial statements and the

adequacy of SunTrust's internal control over financial reporting. As E&Y separately has explained in detail, there is no allegation suggesting that those opinions were in any way inaccurate at the time of the offering. There has been no restatement of SunTrust's financial statements; there are no "red flags" alleged that were ignored or overlooked. For the same reasons that plaintiff has failed to state a claim against E&Y, plaintiff has failed to allege any facts to suggest that the Underwriter Defendants' reliance on the E&Y opinions was in any way unreasonable, defeating plaintiff's conclusory challenge to the due diligence conducted by the Underwriter Defendants as to each of the four allegedly omitted "true facts" identified in the Complaint. *See* Compl., ¶¶ 112, 160.

For all of these reasons, plaintiff's claims against the Underwriter Defendants should be dismissed for failure to state a claim upon which relief can be granted.

## **SUMMARY OF PLAINTIFF'S CLAIMS**[2]

The SunTrust Defendants have summarized the allegations of the Complaint in detail. The following discussion supplements the SunTrust Defendant's description with a summary of plaintiff's allegations and its two claims against the

---

[2] The allegations of the complaint are assumed to be true solely for purposes of this motion to dismiss pursuant to Federal Rule 12(b)(6). In addition to the four corners of the complaint and documents attached thereto, in considering this motion to dismiss the Court may consider "documents incorporated by reference and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Underwriter Defendants, for alleged violations of sections 11 and 12(a)(2) of the Securities Act.

Plaintiff is a Pennsylvania corporation that alleges it purchased shares of the SunTrust Capital IX 7.875% trust preferred securities that are at issue in this action "pursuant to or traceable to the Offering" and that it "has been damaged thereby." Compl., ¶ 25. It alleges that the Underwriter Defendants were underwriters in connection with the offering of those securities. Compl., ¶¶ 50-56. Plaintiff's *only* substantive allegation with respect to the Underwriter Defendants is the following conclusory paragraph:

> Pursuant to 15 U.S.C. § 77k(a)(5), the Underwriter Defendants are liable for the false and misleading statements in the Registration Statement. In connection with the Offering, the Underwriter Defendants drafted and disseminated the Registration Statement and were paid substantial fees in connection therewith. The Underwriter Defendants' failure to conduct an adequate due diligence investigation was a substantial factor leading to the harm complained of herein.

Compl., ¶ 57; *see also* Compl., ¶ 230, 232 (repeating portions of these allegations).

On the basis of these conclusory allegations, plaintiff asserts claims against the Underwriter Defendants under sections 11 and 12(a)(2) of the Securities Act, 15 U.S.C. §§ 77k, 77*l*(a)(2), on behalf of a putative class consisting of all persons or entities who purchased the securities "pursuant or traceable to" the registration statement. Compl., ¶¶ 219, 225-235, 236-241.

# ARGUMENT

## THE COMPLAINT SHOULD BE DISMISSED AS TO ALL OF THE UNDERWRITER DEFENDANTS

### I. Plaintiff Has Failed to Allege Any Actionable Misstatement or Omission

For the reasons set forth by the SunTrust Defendants in support of their joint motion to dismiss the Complaint, plaintiff has failed to allege any actionable misstatement or omission for which the Underwriter Defendants could be held liable under either section 11 or section 12(a)(2) of the Securities Act. The Underwriter Defendants refer to and incorporate by reference the arguments by the SunTrust Defendants other than their arguments (1) that plaintiff has failed to allege that the SunTrust Defendants are "sellers" within the meaning of section 12(a)(2) and (2) that plaintiff has failed to allege a claim under section 15 of the Securities Act.

### II. Plaintiff Has Failed to Allege a Facially Plausible Claim Against the Underwriter Defendants

Plaintiff's claims against the Underwriter Defendants fail to satisfy the "facial plausibility" standard articulated by the United States Supreme Court in *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff's conclusory allegations do nothing more than state a conclusion designed to fit within a statutory definition for underwriter liability. Moreover, plaintiff offers no facts to support its unadorned conclusion

that the Underwriter Defendants "fail[ed] to conduct an adequate due diligence investigation" or to suggest that the Underwriter Defendants' reliance on E&Y's opinions in the offering documents was in any way unreasonable.

### A. Plaintiff Has Alleged Nothing More Than Legal and Factual Conclusions

In *Iqbal* and *Twombly*, the Supreme Court articulated a two-pronged approach to analyzing the sufficiency of a complaint's allegations. First, a court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. Second, after the court has identified and eliminated conclusory allegations from consideration, it should "next consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("When the allegations in a complaint, however true, [do] not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.") (internal quotations and citation omitted).

The Complaint against the Underwriter Defendants here rests precisely on the type of unsupported conclusions that the Supreme Court in *Twombly* and *Iqbal* held to be insufficient. *See, e.g., Iqbal*, 129 S. Ct. at 1949 ("the tenet that a court

6

must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"); *Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal quotation and citations omitted).

The sum total of plaintiff's allegations against the Underwriter Defendants is: (1) that, "[p]ursuant to 15 U.S.C. § 77k(a)(5), the Underwriter Defendants are liable for the false and misleading statements in the Registration Statement"; (2) that "[i]n connection with the Offering, the Underwriter Defendants drafted and disseminated the Registration Statement and were paid substantial fees in connection therewith"; and (3) that "[t]he Underwriter Defendants' failure to conduct an adequate due diligence investigation was a substantial factor leading to the harm complained of herein." Compl., ¶ 57; *see also* Compl., ¶¶ 230, 232.

The first of these allegations is no more than a legal conclusion that is unaccompanied by any supporting factual allegation. The second of these allegations, even if accepted as true for purposes of this motion, does not allege any actionable conduct by the Underwriter Defendants. And the last of these allegations is also a conclusion that is unsupported by a single allegation of fact. Plaintiff fails to allege any facts at all about the Underwriter Defendants' diligence process or, more critically, how that process somehow was inadequate.

As the Supreme Court reiterated in *Twombly*, courts must retain the power "to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Twombly*, 550 U.S. at 558 (citation omitted); *see Sinaltrainal v. The Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) ("unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations") (internal quotation and citation omitted); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) ("[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."). Plaintiff has failed to provide that required specificity in its claims against the Underwriter Defendants here.

### B. Plaintiff Does Not Allege Any Facts Suggesting That the Underwriter Defendants' Reliance on the E&Y Opinions Was Unreasonable

Section 11(b)(3)(C) of the Securities Act provides a "reliance" defense for underwriters and certain other persons involved with a securities offering. Under that provision, the Underwriter Defendants in this case were entitled to rely on "expertised" portions of the offering documents provided they "had no reasonable ground to believe, and did not believe, at the time" that the statements made on the authority of an expert were untrue, that such statements omitted to state a material fact or that the statements did not fairly represent the statement of the expert. *See*

15 U.S.C. § 77k(b)(3)(C);[3] *see also* 15 U.S.C. § 77l(a)(2) (no liability if defendant shows he "did not know, and in the exercise of reasonable care could not have known, of such untruth or omission").

In the Complaint here, plaintiff alleges that E&Y's opinions with respect to its audit of SunTrust's 2007 financial statements and SunTrust's internal control over financial reporting were incorporated into the offering documents. *See* Compl., ¶¶ 108, 109. Each of the purported "true facts" that plaintiff asserts was omitted from the registration statement and the prospectus for the offering falls within the matters as to which E&Y expressed its opinions. According to the Complaint, those alleged "true facts" were: (1) that SunTrust allegedly "failed to

---

[3] Section 11(b)(3)(C) provides, in pertinent part:

> (b)   Persons exempt from liability upon proof of issues. Notwithstanding the provisions of subsection (a) of this section no person, other than the issuer, shall be liable as provided therein who shall sustain the burden of proof –
>
> \*          \*          \*
>
> (3) that . . . (C) as regards any part of the registration statement purporting to be made on the authority of an expert (other than himself) or purporting to be a copy of or extract from a report or valuation of an expert (other than himself), he had no reasonable ground to believe and did not believe, at the time such part of the registration statement became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such part of the registration statement did not fairly represent the statement of the expert or was not a fair copy of or extract from the report or valuation of the expert . . .

15 U.S.C. § 77k(b)(3)(C).

9

adequately reserve for mortgage-related exposure (losses);" (2) that SunTrust allegedly "failed to accurately and timely increase its loan loss provision by hundreds of millions of dollars, or to raise its allowance for credit losses as prudent accounting required;" (3) that SunTrust's "capital resources and mortgage-related assets" allegedly were overstated; and (4) that SunTrust "allegedly was operating with woefully deficient internal controls . . ." Compl., ¶ 112; *see also* Compl., ¶ 160 (listing same).

In its own motion to dismiss, E&Y notes that the Complaint fails to provide any factual allegation supporting plaintiff's assertion that its opinions were in any respect mistaken or inaccurate as of the date of the offering. Plaintiff has alleged no contemporaneous material fact that E&Y allegedly failed to take into account; plaintiff has not alleged that the SunTrust financial statements were subsequently restated to correct an error; and plaintiff has alleged no "red flag" that should have placed either E&Y or any other person, including the Underwriter Defendants, on notice of some undisclosed problem. To the contrary, plaintiff's sole challenges to the E&Y opinions are based on hindsight and facts that emerged after the offering was completed.

Under *Iqbal* and *Twombly*, it is plaintiff's pleading burden to establish that its claim has "facial plausibility," which the Supreme Court has explained means that the plaintiff has pleaded "factual content that allows the court to draw the

10

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *see also Twombly*, 540 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true"). In this case, plaintiff's claims against the Underwriter Defendants fail for the same reason that their claims against E&Y must be dismissed – the Complaint fails to plead facts from which an inference could be drawn that the Underwriter Defendants' reliance on the E&Y opinion was unreasonable.

To be sure, the "reliance" defense is an affirmative defense as to which the Underwriter Defendants ultimately would bear the burden of proof. But courts have recognized that even though "defendants bear the burden of pleading and proving affirmative defenses, where facts alleged in plaintiff's pleadings make clear that a claim is barred, dismissal under Rule 12(b)(6) may be granted." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Dynegy, Inc. (In re Dynegy, Inc. Sec. Litig.)*, 339 F. Supp. 2d 804, 819 (S.D. Tex. 2004) (collecting cases); *see also In re Fleming Cos. Inc. Sec. & Derivative Litig.*, No. CIV A. 5:03-MD-1530-TJW, 2004 WL 5278716, at *45 (E.D. Tex. 2004) ("The fact-specific determination of the reasonableness of a defendant's investigation or of his reliance on the opinion of an expert is not a question properly resolved on a motion to dismiss *unless the*

11

*affirmative defense clearly appears on the face of the complaint.*") (emphasis added).

In this case, however, the Complaint contains no facts from which any inference could be drawn that the reliance of the Underwriter Defendants was anything but reasonable. *Cf. In re CIT Group, Inc. Sec. Litig.*, 349 F. Supp. 2d 685, 691 (S.D.N.Y. 2004) ("Given the absence of any facts to show that defendants did not believe, or have a reasonable basis to believe, that the reserves were adequate, this Court cannot simply draw an inference based upon mere speculation that this was the case.").

Therefore, this case differs from cases in which courts have concluded that determinations of reasonableness are fact-specific and cannot be resolved on motions to dismiss. *See In re Friedman's, Inc. Sec. Litig.*, 385 F. Supp. 2d 1345, 1369 (N.D. Ga. 2005); *In re AFC Enters., Inc. Sec. Litig.*, 348 F. Supp. 2d 1363, 1380 (N.D. Ga. 2004); *Fleming Cos.*, 2004 WL 5278716, at *51 *Dynegy*, 339 F. Supp. 2d at 874-75; *In re Global Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d 189, 211 (S.D.N.Y. 2003); *Newby v. Enron Corp.*, 258 F. Supp. 2d 576, 597, 639 (S.D. Tex. 2003); *Griffin v. PaineWebber Inc.*, 84 F. Supp. 2d 508, 513 (S.D.N.Y. 2000).

In each of those cases, the complaint raised questions of fact that could have called into question the reasonableness of a non-expert defendant's reliance, therefore justifying discovery. Thus, in *AFC Enterprises*, an initial public offering

12

was followed by a detailed accounting review, the restatement of the issuer's reported financial statements for three years both before and after the offering and the resignation of its chief financial officer. *See* 348 F. Supp. 2d at 1367-68. The decisions in *Friedman's* and *Fleming* also involved financial restatements. The *Friedman's* plaintiffs alleged the restatement there was the product of five different categories of alleged accounting fraud; in *Fleming*, the announced restatement followed an investigation by the Securities and Exchange Commission, the resignation of the issuer's CEO and its petition for bankruptcy. *See Friedman's*, 385 F. Supp. 2d at 1353, 1359; *Fleming*, 2004 WL 5278716, at *1-*4. The opinion in *Griffin v. PaineWebber* concerned claims arising after the widely publicized restatement of eight years of reported financial statements by Livent, Inc. amidst allegations of financial misconduct. *See* 84 F. Supp. 2d at 514. *Enron*, *Dynegy* and *Global Crossing* also involved allegations of affirmative financial and other misconduct. *See, e.g., Global Crossing*, 313 F. Supp. 2d at 194; *Dynegy*, 339 F. Supp. 2d at 819-20 (describing allegedly fraudulent off-balance sheet transactions and financial restatement).

In this case, in contrast, there are no such allegations, as E&Y has explained in detail in support of its motion to dismiss. Unlike all of these earlier cases, the Complaint here fails to provide any allegation of contemporaneous fact from which even the inference of a possible factual dispute could be drawn as to the

13

reasonableness of the Underwriter Defendants' reliance on the E&Y opinions. Moreover, all of those earlier decisions were issued before the Supreme Court's *Twombly* decision in which the Court abrogated the "no set of facts" formulation articulated in *Conley v. Gibson*, 335 U.S. 41 (1957), and explained that Federal Rule 8(a)(2) requires a plaintiff to plead claims that are facially plausible.  *See Twombly*, 550 U.S. at 563.  Because the Complaint does not provide any basis to infer that there is a plausible fact-intensive dispute about the reasonableness of the Underwriter Defendants' reliance, the Complaint against them should be dismissed on this ground as well.

## **CONCLUSION**

For all of the foregoing reasons, and for those set forth in the memorandum of law submitted in support of the SunTrust Defendants' motion to dismiss the Complaint, the Underwriter Defendants respectfully submit that plaintiff's claims against the Underwriter Defendants should be dismissed.

Dated:  Atlanta, Georgia
            January 29, 2010

Respectfully Submitted,

DLA PIPER LLP (US)

Of Counsel:

JOHN J. CLARKE, JR.
(Admitted *pro hac vice*)
john.clarke@dlapiper.com
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York  10020
Tel:  (212) 335-4500
Fax:  (212) 335-4501

By: /s/ Mark E. Grantham
MARK E. GRANTHAM
Georgia Bar No. 305625
mark.grantham@dlapiper.com
DAVID A. TERRY
Georgia Bar No. 051508
david.terry@dlapiper.com
One Atlantic Center
1201 West Peachtree Street, Suite 2800
Atlanta, GA 30309-3450
Tel: (404) 736-7800
Fax: (404) 682-7800

*Attorneys for Defendants Morgan Stanley & Co. Incorporated, Citigroup Global Markets Inc., UBS Securities LLC, Banc of America Securities LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated and SunTrust Robinson Humphrey, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BELMONT HOLDINGS CORP., | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. ) 1:09-CV-01185-WSD |
| SUNTRUST BANKS, INC. et al., | ) ) ) |
| Defendants. | ) ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **MEMORANDUM OF LAW IN SUPPORT OF THE UNDERWRITER DEFENDANTS' MOTION TO DISMISS** was electronically filed with the Clerk of Court using the CM/ECF system, which serves notification of such filing to all CM/ECF participants.

This 29th day of January, 2010.

/s/ Mark E. Grantham
MARK E. GRANTHAM
Georgia Bar No. 305625