## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **BELMONT HOLDINGS CORP.,** | ) | |
| **Individually and on Behalf of All Others** | ) | |
| **Similarly Situated,** | ) | |
| | ) | **Civil Action No.** |
| **Plaintiff,** | ) | **1:09-cv-01185-WSD** |
| **v.** | ) | **(Consolidated)** |
| | ) | |
| **SUNTRUST BANKS, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANT ERNST & YOUNG LLP'S MOTION TO DISMISS

John A. Chandler
Ga. Bar No. 120600
Cheri A. Grosvenor
Ga. Bar No. 314360
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA  30309
(404) 572-4600
(404) 572-5140 (fax)

Of Counsel:

William A. Barrett
Assistant General Counsel
Ernst & Young LLP
5 Times Square
New York, NY  10036-6530
(212) 773-9177 (direct dial)
(212) 773-2388 (fax)

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    INTRODUCTION ...........................................................................................1

II.   ARGUMENT.................................................................................................3

    A.    Plaintiffs Fail to Allege Adequately a Misstatement by E&Y
           Under the Applicable Accounting Principles and Audit
           Standards. .......................................................................................3

          1.    Plaintiffs fail to plead plausible GAAP violations. ...................3

                a)    Plaintiffs' factual allegations are insufficiently
                        linked to E&Y's audit and the FAS 5 requirements.........4

                b)    Plaintiffs' contentions are unsupported by the case
                        law cited by the parties ....................................................7

          2.    Plaintiffs' GAAS allegations also are insufficient...................10

    B.    Plaintiffs Fail to Establish that the *Virginia Bankshares*
           Pleading Requirements Do Not Apply.................................................12

    C.    E&Y is Entitled to Rely Upon the "Bespeaks Caution"
           Doctrine. ..........................................................................................14

III.  CONCLUSION.............................................................................................15

## TABLE OF AUTHORITIES

### CASES

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009)............................................................ 8, 11-12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..............................................................6, 8, 11

*Ciresi v. Citicorp*,
    782 F. Supp. 819 (S.D.N.Y. 1991) ....................................................7

*Citiline Holdings, Inc. v. iStar Financial Inc.*,
    2010 WL 1172647 (S.D.N.Y. March 26, 2010) ................................10

*City of St. Clair Shores Gen. Employees Ret. Sys. v. Inland W. Retail Real
Estate Trust, Inc.*,
    635 F. Supp. 2d 783 (N.D. Ill. 2009)........................................... 13-14

*Deephaven Private Placement Trading, Ltd. v. Grant Thornton & Co.*,
    454 F.3d 1168 (10th Cir. 2006) .........................................................13

*Holmes v. Baker*,
    166 F. Supp. 2d. 1362 (S.D. Fla. 2001) ..............................................8

*In re Adams Golf, Inc. Sec. Litig.*,
    381 F.3d 267 (3rd Cir. 2004) .............................................................9

*In re Atlas Air Worldwide Holdings, Inc. Sec. Litig.*,
    324 F. Supp. 2d 474 (S.D.N.Y. 2004) .................................................8

*In re CBT PLC Sec. Litig.*,
    2000 U.S. Dist. LEXIS 19214 (N.D. Cal. Jan. 2, 2001).......................8

*In re Metro. Sec. Litig.*,
    532 F. Supp. 2d 1260 (E.D. Wash. 2007)..........................................11

*In re Mirant Corporation Sec. Litig.*,
2009 WL 48188 (N.D. Ga. Jan. 7, 2009) ........................................................ 9-10

*In re New Century*,
558 F. Supp. 2d 1206 (C.D. Cal. 2008) ............................................................... 8

*In re Washington Mutual, Inc. Sec. Litig.*,
259 F.R.D. 490 (W.D. Wash. 2009) .................................................................. 13

*In re Wells Fargo Sec. Litig.*,
12 F.3d 922 (9th Cir. 1993) ................................................................................ 8

*Iron Workers Local No. 25 Pension Fund v. Oshkosh Corp.*,
2010 WL 1287058 (E.D. Wis. Mar. 30, 2010) .................................................. 9

*Olkey v. Hyperion 1999 Term Trust, Inc.*,
98 F.3d 2 (2d Cir. 1996) .................................................................................. 14

*Saltzberg v. TM Sterling/Austin Assocs.*,
45 F.3d 399 (11th Cir. 1995) ........................................................................... 14

*Sinaltrainal v. Coca-Cola Co.*,
578 F.3d 1252 (11th Cir. 2009) .................................................................. 6, 12

*Tsirekidze v. Syntax-Brillian Corp.*,
2009 U.S. Dist. LEXIS 8464 (D. Az. Feb. 4, 2009) ........................................ 8

*Virginia Bankshares, Inc. v. Sandberg*,
501 U.S. 1083 (1991) ............................................................................ 2, 12, 14

## ABBREVIATIONS AND EXHIBITS

Capitalized terms used herein have the same definitions used in E&Y's Memorandum in Support of its Motion to Dismiss.  Exhibit D cited in this Reply Brief is contained in the Joint Appendix of Exhibits submitted by the SunTrust Defendants on behalf of all Defendants in connection with the Motions to Dismiss. E&Y's Exhibit 1 is attached to this Reply Brief.

## I.    INTRODUCTION

Plaintiffs' Consolidated Opposition ("Response" or "Resp.") fails to establish that the Complaint pleads a plausible theory of liability against E&Y. Plaintiffs contend that E&Y's arguments "simply raise a question of fact by disputing whether E&Y negligently certified SunTrust's compliance with GAAP, and arguing that the Company was not required to increase its ALLL in 2007 to comply with SFAS No. 5."  (Resp. at 38.)  Although E&Y is confident that no misstatement was made in its 2007 Audit Report, E&Y's Motion plainly is grounded in the Complaint's failure to plead the plausible theory of liability demanded by recent Supreme Court cases, not in the merits of Plaintiffs' claims.[1]

To survive E&Y's Motion, Plaintiffs must have plausibly alleged sufficient facts to show that E&Y's 2007 Audit Report contained a material misstatement. They have not done so, even under a Rule 8 pleading standard, because the Complaint lacks plausible allegations demonstrating that, at the time of the Offering, E&Y had factual information that further losses in SunTrust's portfolio were both probable and reasonably capable of estimation under FAS 5.

---

[1] *See, e.g.*, E&Y Mem. at 14 ("***Plaintiff's allegations*** regarding the timing of SunTrust's increase of its ALLL do not state an actionable claim against E&Y.") and 18 ("***Plaintiff has not pled sufficient facts*** to show any such [GAAS] violation.") (emphasis added).

Plaintiffs also fail to demonstrate that the Complaint's allegations regarding purported GAAS violations are sufficient to render E&Y's 2007 Audit Report materially misstated.  The allegations are doomed by both the inadequacy of the related GAAP allegations and the lack of sufficient detail as to what audit procedures E&Y failed to perform, what audit evidence E&Y ignored or missed, or what loans had inadequate provisions.  Plaintiffs' argument that "[a]s one of the largest accounting firms in the world, E&Y was well aware of the strategies, methods and procedures required by GAAS to conduct a proper audit" (Resp. at 41) is logically unavailing and fails to satisfy Plaintiffs' pleading obligations.

In addition, Plaintiffs' Response does not -- and cannot -- contend that the Complaint satisfies the additional pleading requirements established by the U.S. Supreme Court in *Virginia Bankshares, Inc. v. Sandberg*, 501 U.S. 1083 (1991), which held that claims based on an opinion must allege that the defendant did not actually hold the opinion stated.  Instead, Plaintiffs argue that E&Y's audit opinions constitute statements of historical fact rather than opinions.  That argument is contrary to the plain language in E&Y's 2007 Audit Report, the accounting literature cited by E&Y, and case authority cited by Plaintiffs.

Finally, Plaintiffs contend that E&Y is not entitled to invoke the extensive warnings contained in SunTrust's 2007 10-K and Registration Statement under the

bespeaks caution doctrine and that, in any event, the statements regarding

SunTrust's ALLL are not protected by such warnings.  It is illogical to suggest,

however, that the warnings rendered a purported misstatement immaterial as to

certain defendants but not others.  The bespeaks caution doctrine applies here.[2]

## II.    ARGUMENT

### A.    Plaintiffs Fail to Allege Adequately a Misstatement by E&Y Under the Applicable Accounting Principles and Audit Standards.

The Complaint alleges that E&Y's 2007 Audit Report was false because (i)

SunTrust violated GAAP by "improper[ly] accounting for its [ALLL]" in the 2007

Financial Statements (Compl. ¶ 202) and (ii) E&Y failed to comply with GAAS

with regard to the ALLL by ignoring audit evidence, designing a deficient audit

system and failing to identify a material weakness in SunTrust's internal controls.

(Compl. ¶¶ 191, 209, 211, 215; Resp. at 16.)  Plaintiffs fail to demonstrate that the

Complaint alleges a viable claim against E&Y.

### 1.    Plaintiffs fail to plead plausible GAAP violations.

Plaintiffs' claim rests entirely on its contention that SunTrust's ALLL was

understated by "hundreds of millions" at the time of the Offering, thereby

rendering false E&Y's opinion that the SunTrust 2007 Financial Statements were

---

[2] E&Y also adopts by reference the arguments raised in support of the other defendants' motions to dismiss, where applicable.

fairly presented under GAAP.  SunTrust's estimate of its ALLL was governed by

FAS 5, which provides that a loss contingency shall "be accrued by a charge to

income if both of the following conditions are met: (a) [i]nformation available

prior to issuance of the financial statements indicates that it is probable that an

asset had been impaired or a liability had been incurred at the date of the financial

statements" and "(b) [t]he amount of the loss can be reasonably estimated."  (FAS

No. 5, ¶ 8 (emphasis added); Compl. ¶ 175.)  The conjunctive requires that both be

present before a loss contingency can be accrued.

    Plaintiffs erroneously claim that "E&Y . . . simply raise[s] a question of fact

by disputing whether [it] negligently certified SunTrust's compliance with

GAAP[,]" which cannot be decided on a motion to dismiss. (Resp. at 38.)  In doing

so, Plaintiffs summarily ignore -- and fail to overcome -- E&Y's actual argument

that the Complaint fails to allege facts plausibly demonstrating that any increase to

ALLL was warranted under FAS 5 as of the time of the Offering.

### a)    Plaintiffs' factual allegations are insufficiently linked to E&Y's audit and the FAS 5 requirements

    Plaintiffs boast that the "107-page Complaint" contains "vivid detail" of the

factual basis for their claim. (Resp. at 3, 18.)  Citing Paragraphs 161-182, Plaintiffs

further contend the Complaint "alleges that SunTrust disregarded specifically

identified, contemporaneous facts and misstated its mortgage-related exposure as

prudent accounting required." (Resp. at 23.)  The allegations cited, however, are neither "specifically identified" nor "contemporaneous."  *See* Exhibit 1.[3]

Plaintiffs' allegations do not show that additional losses were present but unaccounted for in SunTrust's portfolio and were reasonably capable of estimation, as is required under FAS 5.  In fact, Plaintiffs' Response is silent as to the second prong of FAS 5, that the losses be estimable, effectively acknowledging that the Complaint is devoid of such allegations.  That deficiency alone is sufficient to sustain E&Y's Motion.

Rather than the "specifically identified, contemporaneous facts," they claim, Plaintiffs instead rely on general allegations relating to the presence of non-prime mortgage products in SunTrust's portfolio, SunTrust's presence in the Florida and Georgia markets, conditions in the real estate market generally and the information attributed to the confidential witnesses to support their contention that the Complaint is sufficient to meet the FAS 5 requirements.[4]  (Resp. at 7-9.)  The Complaint, however, fails to allege how a higher estimate could have been

_____

[3] Paragraph 162, for example, addresses a November 2000 speech at the AICPA National Conference for Banks and Savings Institutions, hardly a contemporaneous statement.

[4] Plaintiffs do not address the fact that the allegations against E&Y here are virtually identical to allegations Plaintiffs' counsel have made against E&Y in other recent complaints, a fact which substantially undermines Plaintiffs' contention that they have alleged sufficient factual detail specific to the instant case.  *See* E&Y Mem. at 5.

calculated based upon those factors and consequently fails to "nudge the claim 'across the line from conceivable to plausible.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The confidential witnesses fail to shed any light on the facts in existence in February 2008, when E&Y's 2007 Audit Report was released. (Compl. ¶¶ 117, 119, 121) (alleging that confidential witnesses left SunTrust in the January and September 2007 time frame, thirteen and six months before E&Y reported on the financial statements). Plaintiffs argue that all of the confidential witnesses were involved in SunTrust's "processes for determining [its] ALLL and/or Provision" and that the "reasonable" inference "is that these witnesses were brought in to fix the very problem that required SunTrust in 2005 to restate its financial results, but because of the rapid decline in the mortgage market after 2006 the problem was never properly remedied, and these witnesses had to be laid off in late 2007 to preserve capital." (Resp. at 33, 34 n.11 (citing Compl. ¶¶ 127-128).) The Response's assertions fall outside of the allegations pled in the Complaint and cannot be considered on E&Y's Motion. Moreover, Plaintiffs' argument with regard to the restatement lacks credibility inasmuch as it continues to ignore the fact that SunTrust's ALLL was overstated in 2005, not understated. *See* E&Y

Mem. at 8-9.  Plaintiffs simply are not entitled to the inferences suggested in the

Response.

As was aptly observed by another court:

"As sometimes happens when an industry encounters financial
problems, this is not the only case of its kind pending against a
major bank . . . [and a] number of these complaints have been
dismissed for a reason common to them all: the claims in essence
try to penalize banking institutions 'for failing to show 'greater
clairvoyance.'"

*Ciresi v. Citicorp*, 782 F. Supp. 819, 821 (S.D.N.Y. 1991) (quoting *Hershfang v.*

*Citicorp*, 767 F. Supp. 1251, 1259 (S.D.N.Y. 1991), declining to find

misrepresentations, and dismissing Rule 10b-5 and § 11 claims).  That is precisely

what is occurring here, and the result should be the same.  E&Y's Motion should

be granted.

### b)    Plaintiffs' contentions are unsupported by the case law cited by the parties

The cases cited by the parties show that Plaintiffs' factual allegations are not

nearly as specific as Plaintiffs' Response contends.  First, the cases cited by

Plaintiffs to establish the sufficiency of their allegations are materially

distinguishable.  Many involved a restatement of the financial statements at issue

or another admission that a misstatement existed, thereby eliminating any question

as to whether a material misstatement was adequately alleged.[5]   In another case

cited by Plaintiffs, the court found it significant that the complaint identified and

collectively valued nine specific loans alleged to have directly contributed to the

misstatement of the loan loss reserves. *In re Wells Fargo Sec. Litig.*, 12 F.3d 922,

926-28 (9th Cir. 1993).  The Complaint here offers no such details; in fact, to fit

within Plaintiffs' allegations here, any lender would need only to have had a

mortgage portfolio in Florida and Georgia including non-prime loans.

   *Second*, Plaintiffs fail to distinguish the authority cited by E&Y

demonstrating that "the fact that looking backward, one perceives a trend does not

necessarily mean that conditions were such that one year earlier the situation was

---

[5] *See, e.g.*, *Tsirekidze v. Syntax-Brillian Corp.*, No. CV-07-02204-PHX-FJM, 2009
U.S. Dist. LEXIS 8464 (D. Az. Feb. 4, 2009) (restatement admitted misstatement);
*In re New Century*, 558 F. Supp. 2d 1206 (C.D. Cal. 2008) (auditor did not
challenge misstatement allegations in light of restatement and examiner's report);
*In re Atlas Air Worldwide Holdings, Inc. Sec. Litig.*, 324 F. Supp. 2d 474
(S.D.N.Y. 2004) (restatement); *Holmes v. Baker*, 166 F. Supp. 2d 1362 (S.D. Fla.
2001) (company announced financial statements were misstated).  And, many were
evaluated under the pre-*Iqbal* and *Twombly* "any set of facts" pleading standard.
*See, e.g.*, *In re CBT PLC Sec. Litig.*, No. CV-98-21014-RMW, 2000 U.S. Dist.
LEXIS 19214, at *13 (N.D. Cal. Jan. 2, 2001) (denying auditor's motion to dismiss
complaint with "allegations of Section 11 violations for false financial statements
[that] are marginal" because "they suffice for the pleading stage" under the old
standard).  Cases preceding *Iqbal* and *Twombly* and finding that allegations survive
are not conclusive; in contrast, the earlier cases cited by Defendants finding that
similar allegations were ***insufficient*** under the prior standard are still relevant
because a complaint that did not satisfy the "any set of facts" test certainly would
not satisfy *Iqbal* and *Twombly*.

sufficiently obvious."[6]  Plaintiffs contend that Defendants' cases are "easily

distinguishable" because "plaintiffs do not allege securities fraud." (Resp. at 20

n.5.)  Plaintiffs' logic is flawed. The authority cited by E&Y is not inapplicable

simply because it involves a Rule 10b-5 claim or applies a Rule 9 pleading

standard to a § 11 claim.  In those instances, a court still must assess whether a

material misstatement occurred, just as the Court must do here.  Thus, the

reasoning relied upon by E&Y does not involve the heightened scrutiny applied to

determine whether the misstatement was adequately alleged to be intentional.

Plaintiffs' argument is a distinction without a difference.[7]

　　For example, Plaintiffs argue that Judge Story's opinion in *In re Mirant*

*Corporation Securities Litigation*, No. 1:02-CV-1467, 2009 WL 48188 (N.D. Ga.

---

[6] *See* E&Y Mem. at 16 (quoting *In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267, 279 (3rd Cir. 2004)); *cf. In re HomeBanc Corp. Sec. Litig.*, 1:08-CV-1461 (N.D. Ga. April 13, 2010) (Batten, J.) (dismissing securities fraud claim because complaint "fail[ed] to make any allegations that would allow the Court to distinguish between any losses caused by Defendants' alleged misrepresentations and the collapse of the mortgage industry as a whole.") and *Iron Workers Local No. 25 Pension Fund v. Oshkosh Corp.*, No. 08-C-797, 2010 WL 1287058 at *23 (E.D. Wis. Mar. 30, 2010) (dismissing § 10(b) claim against auditor because allegation that "goodwill needed to be written down earlier is simply based on the Plaintiffs' opinion about the reasonableness of that judgment.").

[7] Ironically, Plaintiffs also criticize Defendants' citation to a district court opinion from another jurisdiction. (Resp. at 35.)  With the exception of an Eleventh Circuit opinion relating to confidential witnesses initially cited by the SunTrust Defendants, Plaintiffs rely exclusively on authority from other jurisdictions.  In fact, the only opinions from this District cited in Plaintiffs' Response were those relied upon by the Defendants, which Plaintiffs fail to distinguish effectively.

Jan. 7, 2009), "does not support the defendants here" because Mirant did not involve a § 11 claim against an outside auditor and a Rule 9 pleading standard applied as a result of the inclusion of fraud allegations. (Resp. at 38 n. 12.)[8]  That argument is unavailing because the *Mirant* opinion dismisses a § 11 claim alleging that Mirant should have written down an asset in an earlier financial statement prior to its initial public offering. *Mirant*, 2009 WL 48188 at *22.  Moreover, Judge Story's reasoning for the dismissal is highly relevant given the conclusion that the allegations did not plausibly render the offering documents misleading because the complaint "[did] not allege facts establishing that FAS 121 required Mirant to recognize an impairment of $36 million." *Id.* at *21.  The parallels to the instant case are obvious, and it is of no consequence that Mirant's outside auditor was not a defendant in the case.  E&Y's Motion should likewise be granted.

### 2.    Plaintiffs' GAAS allegations also are insufficient

Plaintiffs contend that their boilerplate allegations of GAAS violations are

---

[8] Ironically, Plaintiffs nonetheless attach to the Response a recent opinion that does not involve a § 11 claim against an outside auditor and applies a Rule 9 pleading standard to all defendants other than the underwriters. *See* Response, Ex. A (*Citiline Holdings, Inc. v. iStar Fin. Inc.*, No. 08-CV-3612-RJS, 2010 WL 1172647 (S.D.N.Y. Mar. 26, 2010)).  Moreover, the *Citiline* court does not analyze whether a misstatement occurred or address allegations of GAAP violations, instead focusing the discussion on questions of standing, whether disclosures were required under Item 303 of Regulation S-K applicable to issuers, and whether scienter was adequately alleged, while allowing the § 11 claim to proceed.  Such questions are not at issue on E&Y's Motion.

sufficient and no further detail was required because "[a]s one of the largest accounting firms in the world, E&Y was well aware of the strategies, methods, and procedures required by GAAS to conduct a proper audit." (Resp. at 41 (citing Compl. ¶ 210).)  Plaintiffs cannot so easily avoid their pleading obligations.  The Supreme Court has emphasized that a Complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557).  Here, "naked assertions" of purported GAAS violations are all that Plaintiffs have alleged. Plaintiffs do not dispute that GAAS violations do not inherently give rise to auditor liability; if the financial statements are not rendered inaccurate, a GAAS violation is irrelevant.[9]  Thus, Plaintiffs' failure to allege adequately a material misstatement in E&Y's 2007 Audit Report alone supports dismissal.

Moreover, Plaintiffs' internal controls allegations merely repackage the criticisms of E&Y's work with regard to SunTrust's ALLL.  (*See* Compl. ¶¶ 212-15.)  These allegations lack any specificity as to how that alleged failure impacted specific unknown and unknowable additional losses.  As discussed, *supra*, the allegations arising from the confidential witnesses are as much as a year removed

---

[9] *See, e.g.*, *In re Metro. Sec. Litig.*, 532 F. Supp. 2d 1260, 1294 (E.D. Wash. 2007) ("[A] false certification of GAAS compliance is only material under [§] 11 to the extent that the misrepresentation renders the financial statements inaccurate.").

from the time frame of E&Y's 2007 Audit Report and consequently fail to give rise to a viable claim against E&Y.

Plaintiffs also cannot escape the fact that their allegations that E&Y failed to obtain sufficient evidential matter are legally inadequate.[10] Plaintiffs' allegations regarding E&Y's design of the audit are vague and conclusory. *See* Compl. ¶ 210. Such allegations should be disregarded because conclusory allegations are "not entitled to be assumed true" and the Court is not required to accept a plaintiff's legal conclusions. *Iqbal*, 129 S. Ct. at 1951; *Sinaltrainal*, 578 F.3d at 1260. The insufficiency of Plaintiffs' GAAS allegations is fatal to the Complaint.

## B.    Plaintiffs Fail to Establish that the *Virginia Bankshares* Pleading Requirements Do Not Apply.

Having failed to allege that E&Y did not actually hold the opinions stated in its 2007 Audit Report, Plaintiffs avoid squarely addressing the additional pleading requirement established in *Virginia Bankshares* for claims based on opinions. Instead, Plaintiffs attack E&Y's contention indirectly by asserting that E&Y's Audit Report contains statements of fact rather than opinion. (Resp. at 4-5.) Plaintiffs' argument not only directly contradicts the authoritative audit literature

---

[10] Paragraphs 207 and 208 of the Complaint quote the auditing standards, while Paragraph 209 merely states that "[i]n violation of GAAS, . . . E&Y negligently failed to obtain sufficient competent evidential matter to support SunTrust's assertions regarding its accounting for its [ALLL]." (Compl. ¶ 209.)

establishing that an auditor's statement on GAAP compliance is a statement of opinion,[11] it also ignores the plain language of E&Y's 2007 Audit Report. (Ex. D at 75, 77; Compl. ¶ 189) (expressly stating conclusions "[i]n our opinion").

Indeed, even a case invoked by Plaintiffs recognizes that an auditor's report is a statement of opinion. *In re Wash. Mut., Inc. Sec. Litig.*, 259 F.R.D. 490, 506 (W.D. Wash. 2009). There, the court found that "Plaintiffs present[ed] two opinion statements in support of their [§] 11 claims: (1) the statement as to management's belief about WaMu's internal controls . . . and (2) the statement of Deloittte's opinion regarding internal controls . . ." and noted that "statements of opinion are actionable under [§] 11 'only if the complaint alleges with particularity that the statements were both objectively and subjectively false or misleading.'" *Id.* (quoting *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156 (9th Cir. 2009)).[12]

Here, Plaintiffs have not alleged an actionable non-opinion statement by E&Y, because none exists, and have not satisfied the requirement that they plead objective and subjective falsity with regard to E&Y's opinions. *See City of St.*

---

[11] *See* E&Y Mem. at 22 n.5 (citing AU § 110.03); *see also Deephaven Private Placement Trading, Ltd. v. Grant Thornton & Co.*, 454 F.3d 1168, 1175 (10th Cir. 2006) (an audit report is "stated as an opinion . . . rather than as a statement of absolute fact or a guarantee").

[12] The *WaMu* court did not address whether the allegations as to the opinion statements met the additional pleading requirement "because Plaintiffs also [pled] an actionable non-opinion statement." 259 F.R.D. at 506.

13

*Clair Shores Gen. Employees Ret. Sys. v. Inland W. Retail Real Estate Trust, Inc.*, 635 F. Supp. 2d 783, 793 (N.D. Ill. 2009) (holding that complaint must allege subjective falsity under *Virginia Bankshares* because audit reports involve statements of opinion).  As such, the allegations against E&Y fail.

  **C.  E&Y is Entitled to Rely Upon the "Bespeaks Caution" Doctrine.**

  Plaintiffs cite no authority to support their position that an auditor may not be immunized by portions of an issuer's SEC filings and, significantly, provide no reason for such a rule. (Resp. at 47 n.19.)  Under the bespeaks caution doctrine, alleged misstatements are rendered immaterial as a matter of law by "meaningful cautionary statements and specific warnings of the risks involved." *Saltzberg v. TM Sterling/Austin Assocs.*, 45 F.3d 399, 400 (11th Cir. 1995) (per curiam).  Because materiality is assessed from the point of view of the investor, not defendants, it is illogical for Plaintiffs to suggest that the same cautionary statements can be material as to certain defendants, but immaterial as to others.  The risks disclosed in SunTrust's 2007 10-K are precisely the risks that came to pass.  *See* E&Y Mem. at 9-10 (detailing disclosures).  As such, the claim against E&Y should be dismissed. *Olkey v. Hyperion 1999 Term Trust, Inc.*, 98 F.3d 2, 9 (2d Cir. 1996) (affirming dismissal of § 11 claim because prospectuses had extensive warnings).

## III.   CONCLUSION

For the reasons set forth herein, E&Y respectfully submits that the claim

against it should be dismissed with prejudice.

Submitted this 29th day of April, 2010.

KING & SPALDING LLP

*/s/ John A. Chandler*
John A. Chandler
Ga. Bar No. 120600
Cheri A. Grosvenor
Ga. Bar No. 314360
1180 Peachtree Street, N.E.
Atlanta, GA  30309
(404) 572-4600
(404) 572-5140 (fax)

Of Counsel:

William A. Barrett
Assistant General Counsel
Ernst & Young LLP
5 Times Square
New York, NY  10036-6530
(212) 773-9177 (direct dial)
(212) 773-2388 (fax)

Counsel for Defendant Ernst & Young LLP

## <u>FONT CERTIFICATION</u>

The undersigned hereby certifies that this pleading complies with the font requirements of LR 5.1B because the document has been prepared in Times New Roman, 14 point.

*/s/ Cheri A. Grosvenor*
Cheri A. Grosvenor
Georgia Bar No. 314360

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which serves notification of such filing to all CM/ECF participants.

This 29th day of April, 2010.

*/s/ Cheri A. Grosvenor*
Cheri A. Grosvenor
Georgia Bar No. 314360