# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| BELMONT HOLDINGS CORP., | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) CIVIL ACTION NO. <br> ) 1:09-CV-01185-WSD <br> ) |
| SUNTRUST BANKS, INC. et al., | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF THE
## UNDERWRITER DEFENDANTS' MOTION TO DISMISS

Of Counsel:

JOHN J. CLARKE, JR.
(Admitted *pro hac vice*)
john.clarke@dlapiper.com
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York  10020
Tel:  (212) 335-4500
Fax:  (212) 335-4501

MARK E. GRANTHAM
Georgia Bar No. 305625
mark.grantham@dlapiper.com
DLA PIPER LLP (US)
One Atlantic Center
1201 West Peachtree Street, Suite 2800
Atlanta, GA 30309-3450
Tel: (404) 736-7800
Fax: (404) 682-7800

Attorneys for the
 Underwriter Defendants

Dated:  April 29, 2010

## **Table of Authorities**

                                   **Page**

<u>Cases</u>

*Ashcroft v. Iqbal*,
 ___ U.S. ___, 129 S. Ct. 1937 (2009) ............................................................. 1, 3

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007) ......................................................................................... 1, 3

*In re HomeBanc Corp. Sec. Litig.*,
 Civ. A. No. 1:08-CV-1461-TCB, 2010 WL 1524836 (N.D. Ga. Apr. 13, 2010) ................................................................................................................. 2

*Yu v. State Street Corp.*,
 MDL No. 1945, No. 08 Civ. 8235, 2010 U.S. Dist. LEXIS 17147, *23 (S.D.N.Y. Feb. 25, 2010) .................................................................................... 2

<u>Statutes and Other Authorities</u>

15 U.S.C. § 77k(b)(3)(C) ........................................................................................ 4

15 U.S.C. § 77*l*(a)(2) .............................................................................................. 4

Fed. R. Civ. P. 8(a)(2) ............................................................................................. 4

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 1

Securities Act of 1933 ............................................................................................. 1

Securities Act § 11(a) .............................................................................................. 4

Securities Act § 12(a)(2) ......................................................................................... 4

Defendants Morgan Stanley & Co. Incorporated, Citigroup Global Markets Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, UBS Securities LLC, Banc of America Securities LLC, and SunTrust Robinson Humphrey, Inc. (collectively, the "Underwriter Defendants"), by their undersigned counsel, respectfully submit this reply memorandum of law in further support of the Underwriter Defendants' motion to dismiss the Complaint in this action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

As had been the case in the Complaint itself, the Underwriter Defendants are an apparent afterthought in plaintiffs' consolidated opposition. The word "Underwriter" appears a total of 8 times in plaintiffs' 50-page submission, only twice in relation to any substantive assertion. *See* Pl. Opp. at 38, 43 n.17. Plaintiffs' meager argument in opposition to their motion only underscores the conclusion that was compelled by the insubstantial allegations of their Complaint: plaintiffs have failed to allege a facially plausible claim against the Underwriter Defendants for liability under the Securities Act of 1933, requiring that the claims be dismissed as to those defendants in their entirety. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1951 (2009) (on motion to dismiss, court must "consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("When the allegations in a complaint, however true, [do] not raise a

claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.") (internal quotations and citation omitted).

*First*, for the reasons set forth in the reply memorandum submitted in further support of the SunTrust Defendants' motions to dismiss the Complaint (which the Underwriter Defendants adopt by reference as applicable to them), plaintiffs have failed to allege any actionable misstatement or omission in the registration statement or prospectus that are the subject of their claims.  To the contrary, plaintiffs' pleading impermissibly seeks to hold all of the defendants liable for a lack of clairvoyance in failing to foresee the financial crisis that would envelop financial markets months after the securities offering at issue.  As Judge Holwell of the Southern District of New York recently explained in dismissing similar claims:

> Of course, from our vantage point on the other side of the financial crisis, it is conventional wisdom that highly rated, investment grade securities were exposed to risks that the rating agencies did not perceive. . . .  In hindsight, then, it could be alleged that investments that were viewed by defendants – and the marketplace – to be 'high-quality . . . investment grade instruments' in fact stood on shaky foundations.  But the accuracy of offering documents must be assessed in light of information available at the time they were published. . . .  A backward-looking assessment of the infirmities of mortgage-related securities, therefore, cannot help plaintiffs' case.

*Yu v. State Street Corp.*, MDL No. 1945, No. 08 Civ. 8235, 2010 U.S. Dist. LEXIS 17147, *23 (S.D.N.Y. Feb. 25, 2010) (citations omitted); *see also In re HomeBanc*

2

*Corp. Sec. Litig.*, Civ. A. No. 1:08-CV-1461-TCB, 2010 WL 1524836, at *20 (N.D. Ga. Apr. 13, 2010) ('34 Act claims) ("When viewed holistically, the strongest inference to be drawn from Plaintiff's amended complaint is not that Defendants acted with intent to mislead investors, but rather that like so many others in the mortgage industry, 'Defendants were simply unable to shield themselves as effectively as they anticipated from the drastic change in the housing and mortgage markets . . .'") (citation omitted).

*Second*, plaintiffs make no attempt to identify factual allegations from their Complaint that support the conclusory allegation that "[t]he Underwriter Defendants' failure to conduct an adequate due diligence investigation was a substantial factor leading to the harm complained of herein," Compl., ¶ 57, which was one of many deficiencies in their pleading identified in the Underwriter Defendants' opening memorandum of law.  Plaintiffs' silence speaks volumes.  Such conclusory and unsupported assertions are entitled to no deference on a motion to dismiss.  *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal quotation and citations omitted).

*Finally*, plaintiffs misapprehend the significance of *Iqbal* and *Twombly* for Securities Act claims against underwriter defendants.  The Supreme Court has

3

made clear that Rule 8(a)(2) of the Federal Rules of Civil Procedure places the burden on a plaintiff to plead sufficient facts to establish the facial plausibility of their claims.  It is now therefore incumbent upon a Securities Act plaintiff to plead contemporaneous facts in his complaint that will support an assertion that an underwriter's reliance on "expertised" portions of a registration statement was somehow unreasonable.  *See* 15 U.S.C. § 77k(b)(3)(C) (Securities Act § 11(a)); *see also* 15 U.S.C. § 77*l*(a)(2) (no liability if defendant shows he "did not know, and in the exercise of reasonable care could not have known, of such untruth or omission") (Securities Act § 12(a)(2)).

In a footnote, plaintiffs erroneously assert that the Underwriter Defendants "misconstrue" the due diligence defense as implicating their "reasonable reliance." In fact, the statute itself expressly provides just that.  *See* 15 U.S.C. § 77k(b)(3)(C) (statutory defense, "as regards any part of the registration statement purporting to be made on the authority of an expert (other than himself) . . . he had no reasonable ground to believe and did not believe, at the time such part of the registration statement became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such part of the registration statement did not fairly represent the statement of the expert or was not a fair copy of or extract from the report or valuation of the expert . . .").

It is not the case, as plaintiffs argue in their opposition, that the Underwriter Defendants "simply raise a question of fact" in arguing that plaintiffs have failed to allege any fact to suggest that the underwriters' reliance on E&Y's audit report (including that firm's opinion with respect to SunTrust's internal control over financial reporting) somehow was "unreasonable."  *See* Pl. Opp. at 38.  To the contrary, as E&Y explains further in its own reply memorandum, plaintiffs have failed entirely to raise a fact issue regarding that report.  Not only does this call for dismissal of plaintiffs' claims against E&Y, but it also requires dismissal of their claims against the Underwriter Defendants who reasonably relied on the report as permitted by law.

## **CONCLUSION**

For all of the foregoing reasons, and for those set forth in their opening memorandum of law, the Underwriter Defendants respectfully request that plaintiff's claims against them be dismissed and that the Court grant them such other and further relief as it may deem just and proper.

| | |
|---|---|
| Dated: Atlanta, Georgia<br>April 29, 2010 | Respectfully submitted,<br><br>DLA PIPER LLP (US) |
| Of Counsel:<br><br>JOHN J. CLARKE, JR.<br>(Admitted *pro hac vice*)<br>john.clarke@dlapiper.com<br>DLA PIPER LLP (US)<br>1251 Avenue of the Americas<br>New York, New York  10020<br>Tel:  (212) 335-4500<br>Fax:  (212) 335-4501 | By: /s/ Mark E. Grantham<br>MARK E. GRANTHAM<br>Georgia Bar No. 305625<br>mark.grantham@dlapiper.com<br>BENJAMIN W. PREVOST<br>Georgia Bar No. 141594<br>ben.prevost@dlapiper.com<br>One Atlantic Center<br>1201 West Peachtree Street, Suite 2800<br>Atlanta, GA 30309-3450<br>Tel: (404) 736-7800<br>Fax: (404) 682-7800<br><br>*Attorneys for Defendants Morgan Stanley & Co. Incorporated, Citigroup Global Markets Inc., UBS Securities LLC, Banc of America Securities LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated and SunTrust Robinson Humphrey, Inc.* |

## **FONT CERTIFICATION**

The undersigned certifies that this pleading complies with the font requirements of LR 5.1B.  The document has been prepared in Times New Roman, 14 point font.

                                          By: /s/ Mark E. Grantham
                                          MARK E. GRANTHAM
                                          Georgia Bar No. 305625

Case 1:09-cv-01185-WSD   Document 93   Filed 04/29/2010   Page 9 of 10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BELMONT HOLDINGS CORP., <br><br> Plaintiff, <br><br> v. <br><br> SUNTRUST BANKS, INC. et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. <br> ) 1:09-CV-01185-WSD <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **REPLY MEMORANDUM OF LAW IN SUPPORT OF THE UNDERWRITER DEFENDANTS' MOTION TO DISMISS** was filed electronically with the Clerk of Court using the CM/ECF system, which serves notification of such filing to all CM/ECF participants.

This 29th day of April, 2010.

/s/ Mark E. Grantham
MARK E. GRANTHAM
Georgia Bar No. 305625