UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| BELMONT HOLDINGS CORP., et al., Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>vs.<br><br>SUNTRUST BANKS, INC., et al.,<br><br>                    Defendants. | Civil Action No. 1:09-cv-01185-WSD<br>(**Consolidated**)<br><br>CLASS ACTION<br><br>PLAINTIFFS' RESPONSE TO DEFENDANT ERNST & YOUNG LLP'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS |

522891_1

On May 11, 2010, defendant Ernst & Young LLP ("E&Y") filed a Notice of Supplemental Authority in support of their Motion to Dismiss ("E&Y Notice") [Dkt. 94 in 09-cv-01185] advising the Court of a recent decision issued in the United States District Court for the Southern District of New York in *Fait v. Regions Financial Corp.*, Civil Action No. 1:09-cv-03161-LAK (S.D.N.Y. May 10, 2010) ("*Fait* Opinion") (attached as Ex. 1 to the E&Y Notice). Defendant E&Y seeks to use that case as supporting authority, referring to the allegations in *Fait* as "'strikingly similar, and in some cases identical'" to the allegations in this matter. *See* E&Y Notice at 1.

Contrary to E&Y's assertions, the factual allegations in this matter are distinguishable from *Fait* in that plaintiffs here – to the extent this Court requires them to plead subjective falsity – have properly alleged "that defendants did not truly hold those [accounting] opinions at the time they were made public." *Fait* Opinion at 15. As more fully demonstrated in Plaintiffs' Consolidated Opposition to Defendants' Motions to Dismiss ("Opposition") at 32-34 [Dkt. 88 in 09-cv-01185], former SunTrust Banks, Inc. ("SunTrust" or the "Company") employees corroborate the allegations that defendants understated the Company's allowance for loan and lease loss reserves ("ALLL"), and that the Company had no reliable process for accurately determining the appropriate ALLL and provision for loan losses ("Provision").

- 1 -

522891_1

The witnesses, all of whom were employed in various aspects of SunTrust's processes for determining SunTrust's ALLL and/or Provision: (1) describe the "abysmal" state of SunTrust's internal controls; (2) demonstrate that it had been an ongoing problem *for years*; (3) show that the collapsing mortgage market was wreaking havoc with SunTrust's real estate assets; and (4) support the inference that SunTrust's abysmal internal controls had not been remedied by the time of the offering. *Id.* at 33-34.

Plaintiffs respectfully direct the Court to the recent decision in *Freudenberg v. E*Trade Fin. Corp.*, No. 07 Civ. 8538, 2010 WL 1904314 (S.D.N.Y. May 11, 2010) (attached hereto as Ex. A), which provides additional support for plaintiffs' Opposition. In *E*Trade*, the court denied motions to dismiss the Securities Exchange Act of 1934 claims relating to misrepresentations concerning E*Trade's mortgage-related assets.

In considering defendants' motion to dismiss, Judge Sweet rejected defendants' argument that "the losses incurred were the result of a 'worldwide economic catastrophe' . . . and that the complaints set forth a case of fraud by hindsight rather than the violation of the securities laws." *Id.* at *1. Instead, in upholding plaintiffs' claims that "[d]efendants also repeatedly understated E*TRADE's exposure to its subprime and other problem loans," the court held that "'[t]he Second Circuit has

- 2 -

explicitly recognized that plaintiffs may rel[y] on post-class period [statements] to confirm what a defendant should have known during the class period.'" *Id*. at *8, *10 (citations omitted); *see* Opposition at 20.  In rejecting defendants' "fraud by hindsight" arguments, the court found that "this is not a case of 'failure to predict' riskiness or future mortgage market downturns but an instance where loans were internally known to be of poor quality, inadequately reviewed, improperly described and highly risky at the time they were purchased." *E*Trade*, 2010 WL 1904314, at *18; *see* Opposition at 19-20.

Judge Sweet further held that E*Trade's statements about its risk "discipline" – such as "'[w]e grew the balance sheet while adhering to our strict discipline with respect to credit quality'"; "'we have stayed completely disciplined about focusing on what we call prime and really superprime borrowers'"; and "'[w]e also maintained strict discipline with respect to risk mitigation, all the way down to the level of the borrower'" – were materially false and misleading "in light of, *inter alia*, facts that while Defendants increased purchases of risky loans, only 1% of purchased loans were reviewed, appraisals were overstated, experienced loan review personnel were terminated, remaining loan reviewers were too overworked and inexperienced to review more than a de minimis percentage of the purchased loans, CLTVs were not tracked, and Defendants refused to review or return loan pools when problematic

- 3 -

loans were found from small samplings." *E*Trade*, 2010 WL 1904314, at *11 (citations omitted). The Court held that "Defendants repeated[] represent[ations] to investors that E*TRADE's mortgage assets were of high credit quality, consistently monitored in a disciplined, focused fashion" were materially false in light of E*Trade's deficient due diligence practices. *Id*. at *14; *see* Opposition at 32-34.

Judge Sweet also upheld plaintiffs' claims concerning misrepresentations concerning loan loss reserves. Specifically, the court held "[b]ecause Defendants' allegedly false statements regarding loan loss reserves were with regards to the value of the Company's assets and the security of investing with the Company, they are alleged to be material." *E*Trade*, 2010 WL 1904314, at *15; *see* Opposition at 34-35. Importantly, the court rejected "Defendants' argument that 'loan loss allowances and securities impairments were projections about future performance,'" and therefore protected by the "Bespeaks Caution" doctrine. *E*Trade*, 2010 WL 1904314, at *20-*21. Defendants' loan loss reserves argument "misstates GAAP and SEC disclosure requirements, which provide that 'allowances for loan losses should be based on past events and current economic conditions.'" *Id*. at *21 (citation omitted); *see* Opposition at 45-46.

For these reasons, as well as those stated in plaintiffs' Opposition, the Court should deny defendants' motions to dismiss.

DATED: May 17, 2010

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
ANDREW J. BROWN
LUCAS F. OLTS
ERIC I. NIEHAUS

s/ ERIC I. NIEHAUS
ERIC I. NIEHAUS

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
 & DOWD LLP
JOHN C. HERMAN
Georgia Bar No. 348370
Monarch Centre, Suite 1650
3424 Peachtree Road, N.E.
Atlanta, GA 30326
Telephone: 404/504-6500
404/504-6501 (fax)

LAW OFFICES OF BERNARD M.
  GROSS, P.C.
DEBORAH R. GROSS
Wanamaker Bldg., Suite 450
100 Penn Square East
Philadelphia, PA  19107
Telephone:  215/561-3600
215/561-3000 (fax)

Lead Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 17, 2010.

                s/ ERIC I. NIEHAUS
                ERIC I. NIEHAUS

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: EricN@rgrdlaw.com

## Mailing Information for a Case 1:09-cv-01185-WSD

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **David Andrew Bain**
  dbain@bain-law.com

- **Thomas B. Bosch**
  tom.bosch@troutmansanders.com,amanda.aievoli@troutmansanders.com,kelley.wade@troutmansanders.com

- **Thomas C. Bright**
  tbright@gbcslaw.com

- **Andrew J. Brown**
  andrewb@rgrdlaw.com

- **Solomon B. Cera**
  scera@gbcslaw.com,keg@gbcslaw.com

- **John A. Chandler**
  jchandler@kslaw.com,madams@kslaw.com

- **John J. Clarke , Jr**
  john.clarke@dlapiper.com

- **Mark Edwin Grantham**
  Mark.Grantham@dlapiper.com,john.clarke@dlapiper.com

- **Deborah R. Gross**
  debbie@bernardmgross.com

- **Cheri A. Grosvenor**
  cgrosvenor@kslaw.com,gogun@kslaw.com

- **John C. Herman**
  jherman@rgrdlaw.com,hectorm@rgrdlaw.com,garmstrong@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Robert Ware Killorin**
  rkillorin@chitwoodlaw.com

- **J. Timothy Mast**
  tim.mast@troutmansanders.com,amanda.aievoli@troutmansanders.com,kelley.wade@troutmansanders.com

- **Paul Monnin**
  paul.monnin@dlapiper.com,lloyd.dotson@dlapiper.com,jennifer.edgar@dlapiper.com

- **Eric I. Niehaus**
  ericn@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Lucas F. Olts**
  lolts@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jack Reise**
  jreise@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Darren J. Robbins**
  darrenr@rgrdlaw.com

- **David Ashcraft Terry**

dterry@huffpowellbailey.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Matthew P. Montgomery**
Robbins Geller Rudman & Dowd, LLP - SD
655 W. Broadway
Suite 1900
San Diego, CA 92101

**Casey M. Preston**
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103-6365