UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| BELMONT HOLDINGS CORP., et al., Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> SUNTRUST BANKS, INC., et al., <br><br> Defendants. | Civil Action No. 1:09-cv-01185-WSD <br> (**Consolidated**) <br><br> CLASS ACTION <br><br> PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS |

571894_1

Plaintiffs submit the decision by the United States District Court for the Southern District of New York in *In re Citigroup Inc., Bond Litigation*, No. 08 Civ. 9522 (SHS) (S.D.N.Y. July 12, 2010). The *Citigroup* opinion addresses issues that are relevant to Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Pltfs' Opposition") (Doc. No. 88) currently pending before the Court. A copy of the *Citigroup* decision is attached hereto as Exhibit A.

In *Citigroup*, the court denied motions to dismiss Securities Act of 1933 claims relating to misrepresentations concerning Citigroup's mortgage-related assets. In considering defendants' motion to dismiss, Judge Stein rejected defendants' argument that "the complaint 'sounds in fraud' because it is riddled with allegations of 'materially false and misleading' statements and 'untrue statements of fact.'" Opinion at 31 (citations omitted). In upholding plaintiffs' claims under the pleading requirements of Rule 8(a), the court held that "the complaint does not allege that any of the statements were ***knowingly*** false or misleading but instead alleges that defendants 'did not make a reasonable investigation or possess reasonable grounds to believe that those statements were true and that there were no omissions of any material fact.'" *Id*. at 32 (citation omitted, emphasis in original).

- 1 -

571894_1

Specifically, the court held that "defendants' statements regarding Citigroup's exposure to subprime-backed CDOs were materially untrue or misleading because they failed to disclose the full extent of the risk Citigroup faced." *Id*. at 35. In doing so, the court rejected defendants' contention that "they had no duty to provide further information regarding their VIE [CDO] holdings, and, in particular, no duty to specify what exposure they had to CDO securities in particular." *Id*. at 37-38. Instead, the court ruled that this "argument overlooks both the statutory language and well-established case law which make clear that once an entity opts to include information in its registration statement – here, its maximum exposure to VIEs along with its prediction that 'actual losses are not expected to be material' – it has a duty to disclose any additional material fact 'necessary to make the statements [already contained] therein not misleading.'" *Id*. at 38 (citations omitted).

The court further held that certain statements regarding Citigroup's SIV exposure were materially untrue or misleading. *Id*. at 41-42. In rejecting defendants' "fraud by hindsight" arguments, the court found that "the complaint does not rely exclusively on hindsight but instead alleges that the statements in question were misleading based on information readily available to defendants at the time the statements were made – *i.e.*, that Citigroup's SIVs were largely backed by subprime mortgages and subprime RMBS and were therefore not of 'high credit quality.'" *Id*.

- 2 -

The court also held that defendants' statements regarding loan loss reserves are actionable and misleading. *Id*. at 42-43. Judge Stein found "unavailing" defendants' argument that "planning loss reserves raises a claim of mismanagement which is not actionable under the securities laws . . . because the complaint does not allege that defendants should be liable simply for mismanaging their loss reserves but instead for materially misrepresenting the scope of the risk posed by Citigroup's holdings in its registration statements." *Id*. at 43. The court applied this same reasoning to Citigroup's misleading statements concerning its "well-capitalized status," holding that "the core of plaintiffs' allegations . . . turn not on Citigroup's management of its assets and liability but instead on the manner in which they disclosed those assets and liabilities." *Id*. at 45-46.

Finally, the court held that "Citigroup's representations that each of its interim financial statements had been compiled in accordance with [Generally Accepted Accounting Principles ("GAAP")] are actionable, material misstatements because those financial statements, which were incorporated into Citigroup's offering documents, did not comply with GAAP in critical respects." *Id*. at 46. In rejecting defendants' contentions that plaintiffs' GAAP allegations "amount at most to plaintiffs' 'subjective view' of how GAAP's flexible guidelines should be applied," the court ruled that "[w]hether or not defendants' financial statements actually

- 3 -
571894_1

violated various provisions of GAAP – and thus whether the representation that the financial statements complied with GAAP was actually an 'untrue' statement – are not issues for resolution at this stage." *Id*. at 47-47 (citations omitted).

DATED:  July 13, 2010

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
ANDREW J. BROWN
LUCAS F. OLTS
ERIC I. NIEHAUS

              s/ ANDREW J. BROWN
                 ANDREW J. BROWN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN C. HERMAN
Georgia Bar No. 348370
Monarch Centre, Suite 1650
3424 Peachtree Road, N.E.
Atlanta, GA  30326
Telephone:  404/504-6500
404/504-6501 (fax)

- 4 -

LAW OFFICES OF BERNARD M.
  GROSS, P.C.
DEBORAH R. GROSS
Wanamaker Bldg., Suite 450
100 Penn Square East
Philadelphia, PA  19107
Telephone:  215/561-3600
215/561-3000 (fax)

Lead Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 13, 2010.

s/ ANDREW J. BROWN
ANDREW J. BROWN

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:     AndrewB@rgrdlaw.com

571894_1

## Mailing Information for a Case 1:09-cv-01185-WSD

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **David Andrew Bain**
  dbain@bain-law.com

- **Thomas B. Bosch**
  tom.bosch@troutmansanders.com,amanda.aievoli@troutmansanders.com,kelley.wade@troutmansanders.com

- **Thomas C. Bright**
  tbright@gbcslaw.com

- **Andrew J. Brown**
  andrewb@rgrdlaw.com

- **Solomon B. Cera**
  scera@gbcslaw.com,keg@gbcslaw.com

- **John A. Chandler**
  jchandler@kslaw.com,madams@kslaw.com

- **John J. Clarke , Jr**
  john.clarke@dlapiper.com

- **Mark Edwin Grantham**
  Mark.Grantham@dlapiper.com,john.clarke@dlapiper.com

- **Deborah R. Gross**
  debbie@bernardmgross.com

- **Cheri A. Grosvenor**
  cgrosvenor@kslaw.com,gogun@kslaw.com

- **John C. Herman**
  jherman@rgrdlaw.com,hectorm@rgrdlaw.com,garmstrong@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Robert Ware Killorin**
  rkillorin@chitwoodlaw.com

- **J. Timothy Mast**
  tim.mast@troutmansanders.com,amanda.aievoli@troutmansanders.com,kelley.wade@troutmansanders.com

- **Paul Monnin**
  paul.monnin@dlapiper.com,lloyd.dotson@dlapiper.com,jennifer.edgar@dlapiper.com

- **Eric I. Niehaus**
  ericn@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Lucas F. Olts**
  lolts@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jack Reise**
  jreise@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Darren J. Robbins**
  darrenr@rgrdlaw.com

- **David Ashcraft Terry**

dterry@huffpowellbailey.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Matthew P. Montgomery**
Robbins Geller Rudman & Dowd, LLP - SD
655 W. Broadway
Suite 1900
San Diego, CA 92101

**Casey M. Preston**
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103-6365