UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

———————————————————— x
BELMONT HOLDINGS CORP., et al., : Civil Action No. 1:09-cv-01185-WSD
Individually and on Behalf of All Others : **(Consolidated)**
Similarly Situated, :
                                   : CLASS ACTION
                Plaintiffs, :
                                   : DECLARATION OF WOLFRAM
     vs. : WORMS IN SUPPORT OF LEAD
                                   : PLAINTIFF'S MOTION TO
SUNTRUST BANKS, INC., et al., : PARTIALLY LIFT THE DISCOVERY
                                   : STAY
              Defendants. :
———————————————————— x

581004_1

I, WOLFRAM WORMS, declare as follows:

1. I am attorney licensed to practice law in the state of California. My bar status is "active." I graduated from the UCLA School of Law in 1999. I am the founder and principal of Worms & Hirsch, Inc, ("WHI"), a private investigation firm investigating allegations of corporate and consumer fraud. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. WHI has been retained by counsel for Lead Plaintiff to assist in the investigation into the allegations of SunTrust Banks, Inc.'s violations of the federal securities laws based on a misleading prospectus and registration statement issued in February 2008. Desiree Monty is the interviewing investigator assisting me in this matter. Ms. Monty has an undergraduate degree in accounting, an MBA from the University of Phoenix and a PhD in high technology management from the University of Wollongong in Australia.

3. On July 27, 2009, Ms. Monty contacted Scott Trapani, ("Trapani"), a former SunTrust Banks Group Vice President of Risk Management. During this initial contact, Mr. Trapani confirmed that he was no longer a SunTrust employee and she had a general conversation, wherein she advised him that she wanted to inquire into several areas relevant to this litigation. She advised him that she was not looking

581004_1

for privileged, confidential or proprietary information. Trapani said that he needed to look over his severance agreement, contact SunTrust and speak with his current employer and that WHI should call back in a few days.

4.  On July 29, 2009, Ms. Monty spoke with Trapani again during which time Trapani conveyed that he had contacted SunTrust to alert the executive management team that he had been contacted by an investigator for Lead Plaintiff and intended to speak further with her. Trapani told Ms. Monty he had spoken with Raymond Fortin, a defendant herein and SunTrust Executive Vice President and General Counsel, and that Fortin had warned Trapani against speaking with representatives of Lead Plaintiff. Trapani said that Fortin had contacted him on three different occasions, including threatening to "file something" on his CFA as well as leaving some "ranting" voice messages on Trapani's cell phone warning him not to assist with Lead Plaintiff's investigation.

5.  Trapani also informed Ms. Monty that he had a severance agreement with SunTrust, and wanted to look into hiring his own legal counsel to evaluate his rights and obligations.

6.  On August 19, 2009, I was contacted by Trapani's counsel who informed me that Trapani had a severance agreement with SunTrust that expired on December 31, 2009.

7. On February 2, 2010, WHI again attempted to interview Trapani by telephone, with his counsel present.

8. During this February 2, 2010 interview, Trapani explained his banking regulatory background:

    (a) He worked for the FDIC as an Examiner for 10 years;

    (b) He also worked for KPMG;

    (c) He was with General Electric Capital as Chief Risk Officer until he was recruited by SunTrust in 2005;

    (d) In 2005, he began work as the Group Vice President of Allowance for Loan and Lease Losses ("ALLL") at SunTrust; and

    (e) He remained at this position until he departed from SunTrust on December 31, 2007.

9. During this discussion, Trapani spoke in generalities, explaining that he was responsible for preparing sections of the 2006 annual report and the SEC Form 10-Qs that were published in 2006 and for the first two quarters of 2007. He was also assigned responsibility for portfolio management and spent a great deal of time at SunTrust rebuilding the methodology for setting reserves at the Company.

10. Trapani initially reported to Chief Risk Officer David Fisher and then to Michael Fadil, and to Chief Credit Officer Tom Freeman.

11.    Trapani attended the quarterly Loan Loss Reserve Committee meetings where the reserves and underlying assumptions were discussed. He led the reserve working group which met prior to the quarterly loan loss reserve committee meeting and made recommendations to the committee. This reserve group did most of the work in terms of gathering assumptions, modeling and setting reserves for the Company, which were later reported in SunTrust's SEC filings.

12.    Based on conversations with SunTrust executives, including certain defendants herein, Trapani said that there were "deep concerns" within SunTrust about the rising losses on mortgage loans in the second and third quarters of 2007 and about SunTrust being under-reserved as a result of rapidly increasing loan losses.

13.    During this discussion, Trapani avoided providing extensive detail and stated that he was concerned that there could be possible retribution toward him if he cooperated voluntarily with Lead Plaintiff's investigation. This concern was based on the warnings he received from Fortin, because of his ongoing employment in the financial industry, and the fact that his current employer and SunTrust have a business relationship. However, Trapani indicated that if he were compelled to testify, he would testify truthfully and in much greater detail concerning the relevant issues, including SunTrust's process for valuing and setting loan loss reserves and the extent to which SunTrust was under-reserved.

14. After this Court's decision on Defendants' Motion to Dismiss, I sent Trapani's counsel a copy of the Opinion and Order and requested another conversation with Trapani. A supplemental interview with Trapani and his counsel occurred on September 24, 2010.

15. During the September 24, 2010 telephone call, Trapani repeated his concern with providing extensive detail because of Fortin's prior warnings or threats. Additionally, Trapani told us that he was advised that Fortin had ordered a search of company emails to see if they could find a "smoking gun" against Trapani. This search supposedly encompassed several days.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this October 8, 2010, at San Diego, California.

_____
WOLFRAM WORMS

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 8, 2010.

                                                                    s/ANDREW J. BROWN
                                                                    ANDREW J. BROWN

ROBBINS GELLER RUDMAN
      & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  AndrewB@rgrdlaw.com

581004_1

# Mailing Information for a Case 1:09-cv-01185-WSD

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **David Andrew Bain**
  dbain@bain-law.com

- **Thomas B. Bosch**
  tom.bosch@troutmansanders.com,amanda.aievoli@troutmansanders.com,kelley.wade@troutmansanders.com

- **Thomas C. Bright**
  tbright@gbcslaw.com

- **Andrew J. Brown**
  andrewb@rgrdlaw.com

- **Solomon B. Cera**
  scera@gbcslaw.com,keg@gbcslaw.com

- **John A. Chandler**
  jchandler@kslaw.com,madams@kslaw.com

- **John J. Clarke , Jr**
  john.clarke@dlapiper.com

- **Mark Edwin Grantham**
  Mark.Grantham@dlapiper.com,john.clarke@dlapiper.com

- **Deborah R. Gross**
  debbie@bernardmgross.com

- **Cheri A. Grosvenor**
  cgrosvenor@kslaw.com,gogun@kslaw.com

- **John C. Herman**
  jherman@rgrdlaw.com,hectorm@rgrdlaw.com,garmstrong@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Robert Ware Killorin**
  rkillorin@chitwoodlaw.com

- **J. Timothy Mast**
  tim.mast@troutmansanders.com,amanda.aievoli@troutmansanders.com,kelley.wade@troutmansanders.com

- **Paul Monnin**
  paul.monnin@dlapiper.com,lloyd.dotson@dlapiper.com,jennifer.edgar@dlapiper.com

- **Eric I. Niehaus**
  ericn@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Lucas F. Olts**
  lolts@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jack Reise**

  jreise@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Darren J. Robbins**
  darrenr@rgrdlaw.com

- **David Ashcraft Terry**
  dterry@huffpowellbailey.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Matthew P. Montgomery
Robbins Geller Rudman & Dowd, LLP – SD
655 W. Broadway
Suite 1900
San Diego, CA 92101

Casey M. Preston
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103-6365
```