UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| ———————————— x | | |
| BELMONT HOLDINGS CORP., et al., | : | Civil Action No. 1:09-cv-01185-WSD |
| Individually and on Behalf of All Others | : | (**Consolidated**) |
| Similarly Situated, | : | |
| | : | CLASS ACTION |
| Plaintiffs, | : | |
| | : | LEAD PLAINTIFF'S |
| vs. | : | CONSOLIDATED REPLY IN |
| | : | SUPPORT OF LEAD PLAINTIFF'S |
| SUNTRUST BANKS, INC., et al., | : | MOTION TO LIFT THE DISCOVERY |
| | : | STAY |
| Defendants. | : | |
| ———————————— x | | |

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................1

II. ARGUMENT................................................................................................2

    A. Plaintiffs Did Not Delay in Bringing This Matter to the Court ............2

    B. Plaintiffs Established the Requisite "Undue Prejudice" ......................5

        1. Trapani Is Knowledgeable of Important Facts and Details
            Relevant to Plaintiffs' Claims....................................................5

        2. Defendants Attempted to Intimidate Trapani ............................7

        3. As a Result of Defendants' Threats and Intimidation,
            Trapani Is Unwilling to Provide Information to Plaintiffs
            Without a Subpoena..................................................................8

        4. The Prejudice to Plaintiffs Is Caused by Defendants'
            Conduct and Not by Plaintiffs' Pleading Burden ...................12

    C. Plaintiffs' Request Is Adequately Particularized and Supported........13

III. CONCLUSION...........................................................................................15

585112_1

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Beverly v. Conner*,
 330 F. Supp. 18 (S.D. Ga. 1971).............................................................................5

*In re Bank of Am. Corp. Sec., Deriv., and ERISA Litig.*,
 No. 09-MDL-2058 (DC), 2009 U.S. Dist. LEXIS 108322
 (S.D.N.Y. Nov. 16, 2009)........................................................................................7

*In re JDS Uniphase Corp. Sec. Litig.*,
 238 F. Supp. 2d 1127 (N. D. Cal. 2002) ................................................................7

*In re Spectrum Brands, Inc. Sec. Litig.*,
 No. 05-cv-2494-WSD, 2007 U.S. Dist. LEXIS 36568
 (N.D. Ga. May 18, 2007) ............................................................................. *passim*

*Kuriakose v. Fed. Home Loan Mrtg. Co.*,
 674 F. Supp. 2d 483 (S.D.N.Y. 2009)...................................................................11

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
 Rule 8(a)...................................................................................................................3
 Rule 9(b) ..................................................................................................................4
 Rule 12(b) ................................................................................................................2

# SECONDARY AUTHORITIES

Dodd-Frank Wall Street Reform and Consumer Protection Act
 (Pub. L. 111-203, H.R. 4173) .................................................................................7

By this single consolidated reply brief, Lead Plaintiff Belmont Holdings Corp. ("Lead Plaintiff" or "plaintiffs") hereby responds to all defendants' oppositions to Lead Plaintiff's Motion to Partially Lift the Discovery Stay.

## I.      INTRODUCTION

Exalting form over substance, defendants contend plaintiffs' motion should be denied because it is untimely, burdensome, and because plaintiffs have failed to demonstrate "undue prejudice" under the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Defendants are wrong on all counts.  *First*, plaintiffs' motion is "timely."  Simply put, there is no time limit on when the motion must be brought, and defendants can identify no prejudice resulting from granting plaintiffs' motion at this time.  In truth, the motion was brought within a reasonable time after this Court indicated plaintiffs' theory of the case would require a showing of *subjective* knowledge.  In the Consolidated Complaint (Dkt. No. 78), plaintiffs alleged only theories of strict liability and negligence – plaintiffs claims clearly did not "sound[] in fraud."  September 10, 2010 Opinion and Order (Dkt. No. 101) ("Sept. 10, 2010 Order") at 11-12.

*Second*, plaintiffs have clearly demonstrated the required "prejudice" based on defendants' attempts to dissuade the witness.  Indeed, defendants do not contest this portion of the motion.  Offering neither denial nor evidence to contradict the shocking

- 1 -

allegations, defendants argue the rules of evidence – that the declaration of plaintiffs' investigator is hearsay – and that plaintiffs need to support their motion by the witnesses' own sworn testimony.  Ironically, this is exactly what plaintiffs seek by this motion.

*Third*, defendants identify no burden or hardship caused by permitting the single deposition to go forward.  They argue they incurred the burden of having already responded to one motion to dismiss, and now they are required to respond to another.  While true, this "burden" exists as a result of the Federal Rules of Civil Procedure, and is entirely unrelated to the proposed deposition.  *See* Fed. R. Civ. P. 12(b) (requiring responsive pleadings).  In other words, defendants have to respond to the First Amended Consolidated Complaint ("FAC") (Dkt. No. 102) regardless of whether this Court permits the deposition or not.  Indeed, given the schedule now entered based on ***defendants' unopposed motion***, defendants can claim no burden at all.

## II.   ARGUMENT

### A.   Plaintiffs Did Not Delay in Bringing This Matter to the Court

Contrary to defendants' argument, there has been no improper delay in seeking relief from the PSLRA discovery stay.  While plaintiffs' investigator had spoken to

- 2 -

Scott Trapani ("Trapani") before the expiration of his severance agreement, the witness declined to be interviewed until its expiration on December 31, 2009. Declaration of Wolfram Worms in Support of Lead Plaintiff's Motion to Partially Lift the Discovery Stay (Dkt. No. 103-2) ("Worms Decl."), ¶¶5-7[1]. The Consolidated Complaint was filed on November 30, 2009, without any information provided by Trapani. In that Complaint, plaintiffs alleged violations of the Securities Act of 1933, based on theories of strict liability and negligence. Sept. 10, 2010 Order at 11-12. Based on these allegations, plaintiffs were required only to meet the pleading standard of Rule 8(a). *Id*.

It was not until the Court's ruling on September 10, 2010, holding that the Complaint did not sufficiently allege "[SunTrust Banks ("SunTrust")] improperly accounted for its loans or deviated from its disclosed practices in estimating the [Allowance for Loan and Lease Losses ("ALLL")] or loan loss provisions," "factual support for the alleged misstatements relating to SunTrust's internal controls," and "facts demonstrating that SunTrust failed to reserve against certain loans where a reserve was required," that Trapani's testimony became necessary. *Id*. at 16-18.

---

[1]     Plaintiffs were informed by Trapani's counsel, who was hired shortly after the initial contact. Worms Decl., ¶6.

More importantly, it was only after this Court noted that plaintiffs may be required to meet the heightened pleading standard of Rule 9(b), that plaintiffs' counsel sought to use Trapani's statements in the Complaint.[2]

Obviously, the FAC includes several allegations learned from Trapani after the expiration of his severance agreement.  *See, e.g*., FAC at ¶¶115-143.  And, it is plaintiffs' position that the FAC, as written and viewed in its totality, is sufficient to satisfy plaintiffs' pleading burden under any applicable standard.[3]  Nevertheless, after this Court entered its September 10, 2010 Order, plaintiffs again sought additional information from Trapani.  At that time, he informed plaintiffs of yet another attempt at intimidation, and again declined to provide further information to plaintiffs absent a subpoena.  Worms Decl., ¶¶14-15.  Indeed, it was in that September 24, 2010 interview that Trapani informed plaintiffs that he learned defendant Fortin had searched company emails looking for a "smoking gun" to use against Trapani.[4]  *Id*.

---

[2]    In suggesting Rule 9(b) may apply to plaintiffs' claims, this Court relied on an opinion issued in May 2010.  Sept. 10, 2010 Order at 14-15.

[3]    Defendants requested to schedule defendants' responses to the FAC ***after*** the Court rules on the instant motion.  This Court so Ordered on October 19, 2010.  Dkt. No. 105.

[4]    E&Y's "estoppel" argument is non-sensical.  *See* Defendant Ernst & Young LLP's Response in Opposition to Plaintiff's Motion to Partially Lift the Discovery

## B.     Plaintiffs Established the Requisite "Undue Prejudice"

Contrary to defendants' suggestion, plaintiffs do not contend that they are prejudiced by the confidentiality agreement between SunTrust and Trapani. Rather, plaintiffs have been prejudiced by the threats made by defendant Fortin – threats which have not been denied or contradicted by any defendant[5] – to harm Trapani's reputation in the community where he lives and works if he cooperated with plaintiffs' counsel. These threats have effectively dissuaded the witness from cooperating with plaintiffs, making a subpoena necessary. Worms Decl., ¶¶4, 13, 15.

### 1.     Trapani Is Knowledgeable of Important Facts and Details Relevant to Plaintiffs' Claims

As set forth in detail in the Worms Decl. and FAC, Trapani is extremely and intimately knowledgeable of the facts and circumstances surrounding SunTrust's

---

Stay (Dkt. No. 106) ("E&Y Mem.") at 6. Unlike counsel's tardy *trial objections* in *Beverly v. Conner*, 330 F. Supp. 18, 21 (S.D. Ga. 1971), plaintiffs here have acted timely in seeking relief from the PSLRA discovery stay within a reasonable time after this Court indicated plaintiffs' theory of the case would require a showing of subjective knowledge.

[5]     While E&Y claims it has no information regarding the Fortin allegations, the SunTrust defendants have not denied the allegations nor have they put in Affidavits citing facts to the contrary.

setting of loan loss reserves in 2007.  *See, e.g.*, Worms Decl., ¶¶8-13; FAC at ¶¶115-143.  For example, Trapani:

- Attended quarterly Loan Loss Reserve Committee meetings where the methodology for setting reserves and underlying assumptions were discussed;

- Led the Reserve Working Group within SunTrust, a committee charged with making recommendations for the setting of reserves by the Company; and

- Attended meetings in which defendants participated and in which certain executives of SunTrust expressed "deep concerns" with rising losses and the Company being under-reserved.

*Id*.  These details are central to plaintiffs' theory of the case, and this Court dismissed the Consolidated Complaint for failure to plead sufficient facts such as these, which demonstrate defendants' knowledge.  *See* Sept. 10, 2010 Order at 14-16.

Plaintiffs seek limited, specific information from Trapani – information concerning the ALLL reserves and the processes for setting reserves within SunTrust. For their part, defendants admit Trapani knows this information, as even they claim Trapani "repeatedly attested – both internally and externally – to the accuracy and reasonableness of the ALLL during his tenure at SunTrust."  SunTrust Defendants' Memorandum in Opposition (Dkt. No. 107) ("Defs.' Mem.") at 5 n.3.

- 6 -

### 2.      Defendants Attempted to Intimidate Trapani

As noted by this Court, "'[t]he [PSLRA] is . . . not to be a sword with which defendants can destroy the plaintiffs' ability to obtain information from third parties who are otherwise willing to disclose it.'" *In re Spectrum Brands, Inc. Sec. Litig.*, No. 05-cv-2494-WSD, 2007 U.S. Dist. LEXIS 36568, at \*20 (N.D. Ga. May 18, 2007) (quoting *In re JDS Uniphase Corp. Sec. Litig.*, 238 F. Supp. 2d 1127, 1134 (N. D. Cal. 2002)).  Courts have found that undue prejudice requires a showing of "'improper or unfair treatment'" that need not reach the level of irreparable harm.  *In re Bank of Am. Corp. Sec., Deriv., and ERISA Litig.*, No. 09-MDL-2058 (DC), 2009 U.S. Dist. LEXIS 108322, at \*6 (S.D.N.Y. Nov. 16, 2009) (citation omitted).

The strong public policy in favor of whistleblowers such as Trapani was recently reinforced by the passage of the Dodd-Frank Wall Street Reform and Consumer Protection Act (Pub. L. 111-203, H.R. 4173) ("Dodd-Frank Act"), enacted on July 21, 2010, which ushered in sweeping protections and financial incentives for whistleblowers when they provided similar evidence to governmental agencies.  *See* Dodd-Frank Act, Sec. 922 at 1268.  These statutes "demonstrate the public policy in favor of allowing even current employees to assist in securities fraud investigations." *JDS Uniphase*, 238 F. Supp. 2d at 1136.

- 7 -

Violating this public policy, defendant Fortin deliberately threatened and tried to intimidate Trapani when he learned Trapani was considering cooperating with plaintiffs.[6]  More specifically, Fortin contacted Trapani on "three different occasions, including threatening to 'file something' on his CFA as well as leaving some 'ranting' voice messages on Trapani's cell phone warning him not to assist with Lead Plaintiff's investigation."  Worms Decl., ¶4.  Moreover, on September 24, 2010, Trapani stated that "Fortin had ordered a search of company emails to see if they could find a 'smoking gun' against Trapani."  *Id.*, ¶15.  These allegations are neither contradicted nor denied by defendants.

### 3.    As a Result of Defendants' Threats and Intimidation, Trapani Is Unwilling to Provide Information to Plaintiffs Without a Subpoena

The PSLRA "undue prejudice" exception to the stay of discovery contemplates an analysis of the facts and circumstances surrounding the situation. Congress' intent in including the discovery stay was for securities fraud complaints to meet the heightened pleading requirements without plaintiffs' embarking on a fishing expedition and harassing defendants.  As plaintiffs pointed out in the opening brief, a

---

[6]    Defendant Fortin holds the titles of Executive Vice President and General Counsel at SunTrust.

single deposition on a specific topic is clearly not the harassing fishing expedition the discovery stay was meant to protect against.   Lead Plaintiff's Memorandum in Support of Lead Plaintiff's Motion to Partially Lift the Discovery Stay (Dkt. No. 103-1) at 9-11.   As can be seen from the FAC, Trapani provided certain factual support and evidence of defendants' liability.   His deposition would provide more particularized detail.

Relying on *Spectrum Brands*, 2007 U.S. Dist. LEXIS 36568, defendants contend plaintiffs have not adequately demonstrated "undue prejudice."   But that case will not support the weight defendants ask it to bear.   In *Spectrum Brands*, plaintiffs' counsel argued prejudice was established by the existence and enforcement of undisclosed confidentiality agreements.   Unlike here, however, in *Spectrum Brands* the plaintiffs left the Court to guess how the witnesses were dissuaded from cooperating, or what information they could have provided if they had cooperated. "Plaintiffs have not brought the language of these alleged agreements before the Court, nor do they claim to have attempted to obtain them.   Plaintiffs have not provided even a general description of the type of information their alleged confidential informants would share in the absence of concern about the confidentiality agreements."   *Id*. at *7.   And, importantly, in *Spectrum Brands* plaintiffs' counsel did not present an amended complaint to the court.   Instead,

- 9 -

plaintiffs' counsel simply asked for an extension of time to amend the complaint. *Id*. at *21.

In contrast, plaintiffs here take no issue with the expired confidentiality agreement. Rather, plaintiffs motion is necessary because defendant Fortin "has acted improperly to prevent . . . former employee[] [Trapani] from sharing information." *Id*. at *14 n.6. *See also id*. at *20 n.9 ("Plaintiffs have not presented any evidence that Spectrum has taken any action to impede their investigation."). Unlike plaintiffs in *Spectrum Brands*, here plaintiffs have identified:

1.      The specific witness, his title and responsibilities as the former SunTrust Group Vice President of Risk Management (Worms Decl., ¶¶8-11);

2.      The improper conduct by the defendant, including threats by Fortin on Trapani's cell and home phones and to prior co-workers of Trapani to harm Trapani's reputation in the Atlanta business community where Trapani still works (Worms Decl., ¶¶4, 15); and

3.      The specific knowledge this witness has and the information he is willing to provide if served with a valid subpoena, including facts and other witnesses with knowledge supporting the allegations that SunTrust was under-reserved as a result of increasing loan losses and that this was a well-known issue by SunTrust executives by August 2007 (Worms Decl., ¶¶9-12).

- 10 -

These uncontested facts stand in stark contrast to those in *Spectrum Brands*, and the other cases relied upon by defendants.   *Cf. Spectrum Brands*, 2007 U.S. Dist. LEXIS 36568, at *19 n.8 (plaintiffs have not represented that any confidential informant refuses to share information helpful to plaintiffs' pleading burden).   And in this case, plaintiffs have filed the FAC demonstrating that Trapani has provided substantial information, and could provide even greater detail.

Defendants' reliance on *Kuriakose v. Fed. Home Loan Mrtg. Co.*, 674 F. Supp. 2d 483 (S.D.N.Y. 2009) is similarly misplaced.   Like *Spectrum Brands*, in *Kuriakose* the asserted prejudice was caused by alleged confidentiality agreements.   In denying a motion to lift the PSLRA discovery stay, the *Kuriakose* court pointed out, "Plaintiffs have not provided a copy of any of the agreements at issue.   Plaintiffs cannot attest with certainty to the exact language of the clause at issue.   Plaintiffs have not identified the individuals who have declined to submit to an interview, their job titles, or any other details regarding their roles at Freddie Mac or the circumstances of their departures.   Without these and other details, Plaintiffs essentially ask the Court to find this contractual language void regardless of the circumstances."   *Id.* at 492.   But not in *this* case.

- 11 -

**4.    The Prejudice to Plaintiffs Is Caused by Defendants'
        Conduct and Not by Plaintiffs' Pleading Burden**

Defendants vehemently (but wrongly) argue that the only prejudice claimed by plaintiffs is the inability to meet their pleading burden.  Defs.' Mem. at 9-10; E&Y Mem. at 9.  But they confuse the *relevance* of Trapani's testimony with plaintiffs' claim of *prejudice*.  Trapani's testimony is *relevant* because it will provide facts and details supporting plaintiffs' claims.  Therefore, defendants are correct that Trapani's testimony will arguably help plaintiffs in asserting their claims.  But that is not the *prejudice* claimed by plaintiffs which necessitates the lifting of the PSLRA discovery stay.[7]

The prejudice to plaintiffs flows from defendants' threats and intimidation of a witness, which have had the effect of dissuading a cooperative witness from providing information to plaintiffs.  Worms Decl., ¶13.  But for defendants' misconduct, Trapani would have provided the information sought by plaintiffs without a subpoena.  But for defendants' misconduct, Trapani would have provided the information to plaintiffs which they could have included in their FAC, and may have also provided other

---

[7]    By defendants reasoning, the PSLRA discovery stay would *never* be lifted because all discovery (assuming it is relevant) sought  by plaintiffs while the stay is in effect arguably will help them meet their pleading burden.

information – such as names and contact information for other witnesses.  It is only because of defendants' misconduct that plaintiffs cannot obtain this information without the lifting the discovery stay – regardless of the pleading burden faced by plaintiffs.

### C. Plaintiffs' Request Is Adequately Particularized and Supported

Plaintiffs are requesting the deposition of Trapani on the topics for which defendants have admitted he was responsible while at SunTrust – the ALLL reserves and the process for setting those reserves.  This particularized request specifies the individual to be deposed and the subject matter of his deposition.  No more is necessary.  Defendants' contention that plaintiffs need to tell the court what questions it would ask based on this Court's holding in *Spectrum Brands* is misleading.  As previously discussed, in *Spectrum Brands*, the plaintiffs did not present the Court with the confidentiality agreement, the names of the witnesses or even the scope of the inquiry.

The SunTrust defendants' evidentiary argument is even more circumspect.  In a nutshell, they argue that sworn testimony of Trapani is required before this Court can permit sworn testimony of Trapani.  Yet they do not contest the veracity of anything

- 13 -

in the Worms Decl. – nor could they.[8]  Defendants do not contend that Trapani is not who he says he is, indeed they admit to it.  Defs.' Mem. at 5 n.3.  Nor do they contend he did not speak with Fortin, or offer any basis to contest that Fortin said the things attributed to him.  Instead, they simply contend that the declaration by the investigator is insufficient as a matter of law to establish these facts, and that sworn testimony of Trapani himself is required.  Of course, if plaintiffs could get the sworn testimony of Trapani, no motion would be required at all.  But as the undisputed record makes clear, due to defendants' misconduct, that is simply not possible.

---

[8]     Actually, in a footnote but ***with no supporting sworn testimony***, they declare Trapani "was relieved of his job duties as of late August 2007."  Defs.' Mem. at 2-3 n.2

- 14 -

## III.   CONCLUSION

For the foregoing reasons, plaintiffs respectfully request this Court permit plaintiffs to take the deposition of Trapani.

DATED:  November 8, 2010            Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
ANDREW J. BROWN
LUCAS F. OLTS
ERIC I. NIEHAUS

                          s/ANDREW J. BROWN
                          ANDREW J. BROWN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN C. HERMAN
Georgia Bar No. 348370
Monarch Centre, Suite 1650
3424 Peachtree Road, N.E.
Atlanta, GA  30326
Telephone:  404/504-6500
404/504-6501 (fax)

- 15 -

LAW OFFICES OF BERNARD M.
  GROSS, P.C.
DEBORAH R. GROSS
Wanamaker Bldg., Suite 450
100 Penn Square East
Philadelphia, PA  19107
Telephone:  215/561-3600
215/561-3000 (fax)

Lead Counsel for Plaintiffs

585112_1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 8, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 8, 2010.

s/ANDREW J. BROWN
ANDREW J. BROWN

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:      andrewb@rgrdlaw.com

# Mailing Information for a Case 1:09-cv-01185-WSD

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **David Andrew Bain**
  dbain@bain-law.com

- **Thomas B. Bosch**
  tom.bosch@troutmansanders.com,amanda.aievoli@troutmansanders.com,kelley.wade@troutmansanders.com

- **Thomas C. Bright**
  tbright@gbcslaw.com

- **Andrew J. Brown**
  andrewb@rgrdlaw.com

- **Solomon B. Cera**
  scera@gbcslaw.com,keg@gbcslaw.com

- **John A. Chandler**
  jchandler@kslaw.com,madams@kslaw.com

- **John J. Clarke , Jr**
  john.clarke@dlapiper.com

- **Mark Edwin Grantham**
  Mark.Grantham@dlapiper.com,john.clarke@dlapiper.com

- **Deborah R. Gross**
  debbie@bernardmgross.com

- **Cheri A. Grosvenor**
  cgrosvenor@kslaw.com,gogun@kslaw.com

- **John C. Herman**
  jherman@rgrdlaw.com,hectorm@rgrdlaw.com,garmstrong@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Robert Ware Killorin**
  rkillorin@chitwoodlaw.com

- **J. Timothy Mast**
  tim.mast@troutmansanders.com,amanda.aievoli@troutmansanders.com,kelley.wade@troutmansanders.com

- **Paul Monnin**
  paul.monnin@dlapiper.com,lloyd.dotson@dlapiper.com,jennifer.edgar@dlapiper.com

- **Eric I. Niehaus**
  ericn@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Lucas F. Olts**
  lolts@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jack Reise**

jreise@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Darren J. Robbins**
  darrenr@rgrdlaw.com

- **David Ashcraft Terry**
  dterry@huffpowellbailey.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Matthew P. Montgomery
Robbins Geller Rudman & Dowd, LLP - SD
655 W. Broadway
Suite 1900
San Diego, CA 92101

Casey M. Preston
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103-6365
```