UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

———————————————— x

| | |
|---|---|
| BELMONT HOLDINGS CORP., et al., : <br> Individually and on Behalf of All Others : <br> Similarly Situated, : <br> : <br> Plaintiffs, : <br> : <br> vs. : <br> : <br> SUNTRUST BANKS, INC., et al., : <br> : <br> Defendants. : | Civil Action No. 1:09-cv-01185-WSD <br> **(Consolidated)** <br><br> <u>CLASS ACTION</u> <br><br> PLAINTIFFS' OPPOSITION TO <br> DEFENDANT ERNST & YOUNG <br> LLP'S MOTION FOR <br> RECONSIDERATION |

———————————————— x

658392_1

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................1

II.     ARGUMENT........................................................................................3

        A.      E&Y Does Not Even Attempt to Argue that It Meets the
                Standard for Reconsideration ................................................3

        B.      The Court Upheld the Claims Plead by Plaintiffs Against E&Y ..........4

        C.      The Court Did Not Commit Clear Error in Failing to Adopt
                E&Y's Subjective Falsity Argument. ...................................7

III.    CONCLUSION............................................................................10

658392_1

## I.     INTRODUCTION

Defendant Ernst & Young LLP ("E&Y" or "defendant") has moved for reconsideration of this Court's September 7, 2011 Order denying in part E&Y's motion to dismiss (the "Opinion") (Dkt. No. 124) on the basis that "the Court decided E&Y's motion [to dismiss] on a ground that Plaintiff did not plead and E&Y did not brief."  Ernst & Young LLP's Motion for Reconsideration ("Motion" or "Defs.' Mot.") (Dkt. No. 129) at 2.  This argument is factually wrong, legally baseless, and must be denied.

Contrary to defendant's Motion, both the First Amended Consolidated Complaint ("Complaint") (Dkt. No. 102) and plaintiffs' opposition to defendants' motion to dismiss (Dkt. No. 117) allege violations of §11 of the Securities Act of 1933 against E&Y for both: (a) false statements it prepared; and (b) false statements prepared by SunTrust that it certified, and which were incorporated into the Registration Statement.   Complaint, ¶¶58, 197-204; Plaintiff's Consolidated Opposition to Defendants' Motion to Dismiss at 36-46 (Dkt. No. 117) ("Plaintiff's Opposition"); 15 U.S.C. §77k(a)(4); Opinion at 31.

As the Opinion correctly states:

Plaintiff alleged that E&Y wrongfully issued clean audit opinions for the year ended in 2007, knowing SunTrust's internal controls failures and flawed financial data and thus knowing the ALLL calculations were

- 1 -

unreliable. ([Complaint,] ¶198.) Plaintiff also alleged that E&Y wrongfully consented to inclusion of its audit report for SunTrust's financial statements in the February 27, 2008, Prospectus. By doing so, and knowing the financial statements did not conform with GAAP, E&Y is liable for any damages caused by SunTrust's misleading financial statements in the RS/P.

Opinion at 13. Based on these allegations, the Court held:

Plaintiff's claims against E&Y are based on whether the ALLL and Provision were believed by SunTrust entity Defendants and individual SunTrust Defendants Chancy, Wells, Fortin, and Panther to be true. Thus, the Amended Complaint alleges sufficient facts to state this claim against the SunTrust Defendants and this claim is permitted to proceed against E&Y. 15 U.S.C. §77k(a)(4).

*Id*. at 31.

E&Y's Motion simply ignores plaintiffs' allegations and the Court's holding, and does not even attempt to state any legal basis for reconsideration. Motions for reconsideration are highly disfavored, and may only be brought if there is: (1) a change in controlling law; (2) "clear error" by the court; (3) or discovery of new facts. *See Pres. Endangered Areas of Cobb's History, Inc. v. United States Army Corps. of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996); Local Rule 7.2. E&Y does not argue that any of these circumstances exist here, including "clear error" by the Court. As E&Y has stated no basis for reconsideration of the Opinion, its Motion should be summarily denied.

- 2 -

## II.    ARGUMENT

### A.    E&Y Does Not Even Attempt to Argue that It Meets the Standard for Reconsideration

Local Rule 7.2 for the Northern District of Georgia provides:

> Motions for reconsideration shall not be filed as a matter of routine practice.  Whenever a party or attorney for a party believes it is ***absolutely necessary*** to file a motion to reconsider an order or judgment, the motion shall be filed with the clerk of court within twenty-eight (28) days after entry of the order or judgment.

LR 7.2.[1]  It is firmly established that:

> A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court "could have done it better" the first time.  Rather, the motion should be reserved for certain limited situations, namely the discovery of new evidence, an intervening development or change in the controlling law, or the need to correct a clear error or prevent a manifest injustice.

*Pres. Endangered*, 916 F. Supp. at 1560; *see also Adams v. IBM Corp.*, No. 1:05-CV-3308-TWT, 2006 U.S. Dist. LEXIS 94087, at *3 (N.D. Ga. Jan. 2, 2007) ("A party may move for reconsideration only when one of the following has occurred: 'an intervening change in controlling law, the availability of new evidence, [or] the need to correct clear error or prevent manifest injustice.'"); *Hunt v. Ga. Dep't of Cmty.*

---

[1]    Here, as elsewhere, emphasis has been added, or citations omitted, unless otherwise noted.

- 3 -

*Affairs*, No. 1:09-CV-3137-RWS, 2011 U.S. Dist. LEXIS 9108, at *8-*9 (N.D. Ga. Jan. 28, 2011) (denying motion for reconsideration).

Here, defendant ignores (and does not even cite) the legal standard for reconsideration, and makes no attempt to argue that the standard has been met. Defs.' Mot. at 8-10. Instead, E&Y claims the Court incorrectly read the Complaint and decided the motion to dismiss on a new theory of liability that plaintiffs never pled. *Id*. This is simply nonsense, as the Court's Opinion, the Complaint, and the motion to dismiss briefing all discuss the same legal theories of liability under §11. Complaint, ¶¶58, 197-204; Plaintiffs' Opposition at 36-46; Opinion at 31. As such, defendant's Motion does not meet the standard of "clear error" or provide any other legitimate basis for a motion for reconsideration, and must be denied. *Adams*, 2006 U.S. Dist. LEXIS 94087, at *7.

### B.    The Court Upheld the Claims Plead by Plaintiffs Against E&Y

E&Y's argument that the Court upheld plaintiffs' §11 claims under a theory not pled in the Complaint is without merit. Defs.' Mot. at 2. As pled in the Complaint and explained by the Court, 15 U.S.C. §77k(a)(4) clearly states that liability lies against

> every accountant, engineer, or appraiser, or any person whose profession
> gives authority to a statement made by him, who has with his consent

> been named as having prepared or certified ***any part of the registration statement***, or as having prepared or certified any report or valuation which is used in connection with the registration statement, with respect to the statement, in such registration statement, report, or valuation, which purports to have been prepared or certified by him.

*Id*.; Plaintiffs' Opposition at 36-37; Opinion at 31.  As SunTrust's accountant, E&Y is liable for both: (a) false statements it prepared; and (b) false statements prepared by others (such as the issuer) that it certified, and which were incorporated into the Registration Statement.  *Id*.

E&Y's argument that it was not aware the Complaint included allegations related to the SunTrust Registration Statement is baseless.  Defs.' Mot. at 8-9.  The Complaint alleges:

> E&Y consented to the incorporation of its negligently false reports on SunTrust's financial statements and effective internal controls in SunTrust's Form 10-K for FY 2007, which was filed with the SEC. E&Y also consented to the incorporation of this same report into SunTrust's Registration Statement and related Prospectus Supplement.

Complaint, ¶196; *see also* ¶198 ("Section 11 of the 1933 Act imposes significant responsibilities on every auditor who has with his or her consent been named as having certified any part of the registration statement.  Because of the significance of these responsibilities and their difference from the auditor's responsibilities in ordinary circumstances, professional standards contain (*i.e.*, GAAS) a separate discussion of these additional responsibilities in AU §711, *Filings Under Federal*

*Securities Statutes*.").  Additionally, the basis for plaintiffs' claims is clearly stated in plaintiffs' opposition to E&Y's motion to dismiss.  *See* Plaintiffs' Opposition at 38-46.[2]

The Court correctly held that plaintiff alleged violations of §11 against E&Y for misstatements concerning SunTrust's ALLL and Provision and its flawed internal controls:

> Plaintiff alleged that E&Y wrongfully issued clean audit opinions for the year ended in 2007, knowing SunTrust's internal controls failures and flawed financial data and thus knowing the ALLL calculations were unreliable.  ([Complaint,] ¶198.)  Plaintiff also alleged that E&Y wrongfully consented to inclusion of its audit report for SunTrust's financial statements in the February 27, 2008, Prospectus.  By doing so, and knowing the financial statements did not conform with GAAP, E&Y is liable for any damages caused by SunTrust's misleading financial statements in the RS/P.

*   *   *

---

[2]      Defendant's citation to *Dutton v. Harris Stratex Networks*, 270 F.R.D. 171, 177-78 (D. Del. 2010) is not instructive or binding precedent.  In that case, the court did not dismiss the claim based on a determination that E&Y had not certified or prepared the relevant portion of the registration statement; the court instead held that the plaintiff's complaint contained insufficient boilerplate allegations.  *Id.*  Even if *Dutton* is the basis of E&Y's argument here, defendant's Motion does not meet the standard for reconsideration under Local Rule 7.2, as E&Y made this ***exact argument*** in its motion to dismiss.  *See* Memorandum in Support of E&Y's Motion to Dismiss FAC at 18-19 ("E&Y Mem.") (Dkt. No. 114-1) ("Plaintiff Fails to Plead Particularized Facts Supporting Its Boilerplate Allegations That E&Y Violated GAAS.").

- 6 -

>  Plaintiff's claims against E&Y are based on whether the ALLL and Provision were believed by SunTrust entity Defendants and individual SunTrust Defendants Chancy, Wells, Fortin, and Panther to be true. Thus, the Amended Complaint alleges sufficient facts to state this claim against the SunTrust Defendants and this claim is permitted to proceed against E&Y. 15 U.S.C. §77k(a)(4).

Opinion at 13, 31.

Therefore, defendant's argument that "the Court decided E&Y's motion on a ground that Plaintiff did not plead and E&Y did not brief" is utterly without merit. Defs.' Mot. at 2.

### C.   The Court Did Not Commit Clear Error in Failing to Adopt E&Y's Subjective Falsity Argument.

E&Y argues that the Court should dismiss plaintiffs' claims because the Complaint does not allege "particularized facts sufficient to show that E&Y didn't believe its audit opinions when it issued them." Defs.' Mot. at 11. This argument fails for several reasons. *See id*.

First, E&Y does not point to "'an intervening change in controlling law, the availability of new evidence, [or] the need to correct clear error or prevent manifest injustice'" as a basis for reconsideration. *See Adams*, 2006 U.S. Dist. LEXIS 94087, at *7; Defs.' Mot. at 11-13. As such, there is no basis for even considering E&Y's familiar "subjective falsity" arguments.

- 7 -

Second, even if the Court were to consider E&Y's substantive arguments, this argument is merely a rehashing of the motion to dismiss briefing.  *See* E&Y Mem. at 22-24 and Defendant E&Y's Reply Brief in Support of Motion to Dismiss Plaintiff's First Amended Complaint ("E&Y Reply Mem.") (Dkt. No. 119) at 2, 11-13.  Each of these briefs argued the issue extensively: "Accordingly, the Amended Complaint, like the initial Consolidated Complaint, fails to state a claim against E&Y because Plaintiff . . . ***fails to allege adequately that E&Y did not actually hold its stated opinions and/or lacked a reasonable basis for such opinions***."  E&Y Reply Mem. at 2.

In addition, the Opinion dealt precisely with this issue.  As the Court explained:

> Whether SunTrust had adequate reserves for its predicted loan losses is an inherently subjective determination and opinion reached by management which, by its nature, seeks to address and account for events, facts and circumstances that are expected to occur in the future. As statements of opinions based on forecasted future occurrences, they "are actionable only if they are both objectively and subjectively false."

Opinion at 22.  The Court focused on plaintiffs' allegations concerning SunTrust and the Individual Defendants, holding, "Plaintiff thus argues, based on the facts and inferences that arise from the Amended Complaint's allegations, that the Defendants had to have known the ALLL and Provision were not accurate when this information was publicly reported."  *Id* at 27.  The Court then properly held that by consenting to the incorporation of its false audit reports on SunTrust's financial statements and

- 8 -

internal controls for FY 2007 into the RS/P, E&Y is strictly liable under §11. Opinion at 31. Thus, "Plaintiff's claims against E&Y are based on whether the ALLL and Provision were believed by SunTrust entity Defendants and individual SunTrust Defendants Chancy, Wells, Fortin, and Panther to be true." *Id*.

E&Y does not argue that the Court committed "clear error" in its holdings, or that any of the above results in any type of manifest injustice. Instead, E&Y points out that Scott Trapani, the former Group Vice President of Risk Management at SunTrust, recently executed two declarations that purportedly recant some of the allegations attributed to him in the Complaint. Defs.' Mot. at 12. As set forth in Plaintiffs' Opposition to SunTrust Defendants' Motion for Reconsideration ("Pltfs.' Opp."), any argument based on Mr. Trapani's declarations is without merit and does not support an adequate basis for reconsideration. *See* Pltfs.' Opp. §§III. A.-C. As such, reconsideration here is clearly inappropriate.

Therefore, plaintiffs respectfully submit that E&Y has failed to present any basis to conclude that this Court has committed clear error and the Court should deny E&Y's Motion.

658392_1

III.   **CONCLUSION**

For the foregoing reasons, plaintiffs respectfully request this Court deny E&Y's

Motion for Reconsideration.

DATED:  October 17, 2011                    Respectfully submitted,

                                            ROBBINS GELLER RUDMAN
                                              & DOWD LLP
                                            ANDREW J. BROWN
                                            LUCAS F. OLTS
                                            ERIC I. NIEHAUS
                                            CHRISTOPHER D. STEWART


                                                    s/ Andrew J. Brown
                                            ─────────────────────────────
                                                 ANDREW J. BROWN

                                            655 West Broadway, Suite 1900
                                            San Diego, CA  92101
                                            Telephone:  619/231-1058
                                            619/231-7423 (fax)

                                            ROBBINS GELLER RUDMAN
                                              & DOWD LLP
                                            JOHN C. HERMAN
                                            Georgia Bar No. 348370
                                            Monarch Centre, Suite 1650
                                            3424 Peachtree Road, N.E.
                                            Atlanta, GA  30326
                                            Telephone:  404/504-6500
                                            404/504-6501 (fax)

LAW OFFICES OF BERNARD M.
   GROSS, P.C.
DEBORAH R. GROSS
Wanamaker Bldg., Suite 450
100 Penn Square East
Philadelphia, PA  19107
Telephone:  215/561-3600
215/561-3000 (fax)

Lead Counsel for Plaintiffs

658392_1

## <u>CERTIFICATE OF COMPLIANCE OF LOCAL RULE 7.1D</u>

I hereby certify that the foregoing brief has been prepared in a Times New Roman 14 point font, one of the font and point selections approved by the Court in Local Rule 5.1C.

s/ Andrew J. Brown
_____
ANDREW J. BROWN

658392_1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 17, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 17, 2011.

s/ Andrew J. Brown
ANDREW J. BROWN

ROBBINS GELLER RUDMAN
&amp; DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:        andrewb@rgrdlaw.com

658392_1

## Mailing Information for a Case 1:09-cv-01185-WSD

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **David Andrew Bain**
  dbain@bain-law.com

- **Thomas B. Bosch**
  tom.bosch@troutmansanders.com,kelley.wade@troutmansanders.com

- **Thomas C. Bright**
  tbright@gbcslaw.com

- **Andrew J. Brown**
  andrewb@rgrdlaw.com

- **Ann Marie Byrd**
  ann.byrd@dlapiper.com,jennifer.burr@dlapiper.com

- **Solomon B. Cera**
  scera@gbcslaw.com,keg@gbcslaw.com

- **John A. Chandler**
  jchandler@kslaw.com,madams@kslaw.com

- **John J. Clarke , Jr**
  john.clarke@dlapiper.com

- **Mark Edwin Grantham**
  Mark.Grantham@dlapiper.com,john.clarke@dlapiper.com,betty.richards@dlapiper.com

- **Deborah R. Gross**
  debbie@bernardmgross.com

- **Cheri A. Grosvenor**
  cgrosvenor@kslaw.com

- **John C. Herman**
  jherman@rgrdlaw.com,hectorm@rgrdlaw.com,garmstrong@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Robert Ware Killorin**
  rkillorin@chitwoodlaw.com

- **J. Timothy Mast**
  tim.mast@troutmansanders.com,kelley.wade@troutmansanders.com

- **Paul Monnin**
  paul.monnin@dlapiper.com,jennifer.burr@dlapiper.com,kimberly.layton@dlapiper.com,jennifer.edgar@dlapiper.com,betty.richards@dlapiper.com

- **Eric I. Niehaus**
  ericn@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Lucas F. Olts**
  lolts@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jack Reise**
  jreise@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Darren J. Robbins**
  darrenr@rgrdlaw.com

- **Christopher D. Stewart**
  cstewart@rgrdlaw.com

- **David Ashcraft Terry**
  dterry@huffpowellbailey.com,mhart@huffpowellbailey.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Matthew P. Montgomery**
Robbins Geller Rudman & Dowd, LLP - SD
655 W. Broadway
Suite 1900
San Diego, CA 92101

**Casey M. Preston**
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103-6365