# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |  |
|---|---|---|
| BELMONT HOLDINGS CORP., Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **Civil Action File No. 1:09-CV-01185-WSD (Consolidated)** |
| SUNTRUST BANKS, INC., et al., | ) ) | |
| Defendants. | ) | |

## ERNST & YOUNG LLP'S REPLY IN SUPPORT OF MOTION FOR PSLRA AND RULE 11 SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL

John A. Chandler
Ga. Bar No. 120600
Cheri A. Grosvenor
Ga. Bar No. 314360
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
(404) 572-4600
(404) 572-5140 (fax)

Of Counsel:
William A. Barrett
Associate General Counsel
Ernst & Young LLP
5 Times Square
New York, NY 10036-6530
(212) 773-9177 (direct dial)
(212) 773-2388 (fax)

TABLE OF CONTENTS

INTRODUCTION .................................................................................................1

ARGUMENT .......................................................................................................2

  I.  PLAINTIFF'S OPPOSITION CONFIRMS THAT THE FAC IS
      OBJECTIVELY AND SUBJECTIVELY FRIVOLOUS. ...............................3

    A.  The FAC Turns on the Trapani Allegations....................................................3

    B.  Plaintiff's Arguments Regarding the Trapani Declarations
       are Unavailing..................................................................................................6

    C.  Plaintiff Has No Viable Source to Support the FAC ..................................7

  II.  RULE 11'S POLICY GOALS WOULD BE SERVED BY THE
      IMPOSITION OF SANCTIONS ...................................................................9

CONCLUSION....................................................................................................12

# TABLE OF AUTHORITIES

**CASES**                                                    **PAGE(S)**

*Campo v. Sears Holding Corp.*,
   635 F. Supp. 2d 323 (S.D.N.Y. 2009) ...............................................................10

*City of Livonia Employees Ret. Sys. v. Boeing Co.*,
   No. 09C7143, 2011 WL 824604 (N.D. Ill. Mar. 7, 2011).................................10

*City of Pontiac Gen. Emps. Ret. Sys. v. Schweitzer-Mauduit Int'l, Inc.*,
   No. 1:10-cv-711-TCB, 2011 WL 3799588 (N.D. Ga. Aug. 26, 2011) ...............8

*Footman v. Cheung*,
   139 F. App'x. 144 (11th Cir. 2005) ....................................................................3

*Gurary v. Nu-Tech Bio-Med, Inc.*,
   303 F.3d 212 (2d Cir. 2002) ..............................................................................12

*In re Star Gas Sec. Litig.*,
   745 F. Supp. 2d 26 (D. Conn. 2010)...................................................................10

*Jones v. Int'l Riding Helmets, Ltd.*,
   49 F.3d 692 (11th Cir. 1995) ...............................................................................3

*King v. Hutcheson*,
   No. 4:09-cv-25, 2009 U.S. Dist. LEXIS 94428 (M.D. Ga. Oct. 9, 2009)............3

*Mizzaro v. Home Depot, Inc.*,
   544 F.3d 1230 (11th Cir. 2008) .......................................................................7, 8

*Patterson v. Aiken*,
   111 F.R.D. 354 (N.D. Ga. 1986) ........................................................................12

*Thomas v. Early County*,
   360 F. App'x 71 (11th Cir. 2010) .....................................................................2, 10

*Thompson v. RelationServe Media, Inc.*,
   610 F.3d 628 (11th Cir. 2010) ..........................................................................2, 10

iii

## OTHER AUTHORITIES

Rule 11 of the Federal Rules of Civil Procedure ...............................................passim

**INTRODUCTION**

Plaintiff offers up a number of diversions in its Opposition, but E&Y's sanctions motion is straightforward and properly focused on the allegations attributed to Mr. Trapani.  E&Y is in this case only because of those allegations. Having conceded that they knew that Trapani could not have personal knowledge after August 2007, Plaintiff downplays the significance of Trapani and claims that he is merely "one of the witnesses relied upon in the FAC."  (Dkt. 145 at 1). Plaintiff, however, offers no other facts based on personal knowledge supporting Plaintiff's amended claims.

Plaintiff instead hypes the Torres Declaration and other after-the-fact information that cannot support its complaint.  Plaintiff further contends that it was entitled to rely on anything Trapani said to their investigator, in spite of knowing Trapani lacked firsthand knowledge.  Finally, despite being unable to contest the key facts in Trapani's declarations, Plaintiff argues that the Trapani Declarations[1] themselves should be deemed unreliable because they were purportedly obtained through improper means and constitute "recantations."  Those arguments miss the mark.

---

[1] As used herein, the term "Trapani Declarations" refers to the Declaration of Scott A. Trapani, CFA, and Supplemental Declaration of Scott A. Trapani, CFA, submitted by the SunTrust Defendants on or about September 28, 2011 (Dkt. 127).

Nothing in Plaintiff's Opposition changes the fact that Plaintiff lacked a reasonable factual basis for the key allegations at the time the FAC was filed. Contrary to Plaintiff's suggestion, this is not a Motion that requires a "he said/she said" determination between Trapani and Plaintiff's investigator. Plaintiff's investigator has no personal knowledge about SunTrust. When Plaintiff filed the FAC and opposed the defendants' motions to dismiss, its counsel knew that Trapani's last day at SunTrust was August 28, 2007, after which he could not have personal knowledge of SunTrust's preparation of the year-end 2007 financial statements, E&Y's audit of those financial statements, or the February 2008 RS/P. Plaintiff had no good faith basis for its allegations that E&Y has spent the last year defending. Sanctions are in order.

## ARGUMENT

Plaintiff and E&Y agree that the standard for imposing sanctions requires a finding that the allegations in the FAC were both objectively frivolous and subjectively frivolous. *See, e.g.*, *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 665 (11th Cir. 2010). Applying that standard to the arguments and admissions contained in Plaintiff's Opposition, sanctions are appropriate here. *See, e.g.*, *Thomas v. Early County*, 360 F. App'x 71, 77 (11th Cir. 2010) (reversing denial of motion for Rule 11 sanctions where plaintiff's attorney knew or should

have known at time of filing complaint that key factual allegations lacked reasonable basis); *Footman v. Cheung*, 139 F. App'x. 144, 146 (11th Cir. 2005) (affirming Rule 11 sanctions where plaintiff pursued claim "based on false and unsupported allegations"); *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 695 (11th Cir. 1995) (affirming Rule 11 sanctions where plaintiff's counsel knew at time of filing that complaint lacked factual basis because defendant could not have produced the defective product in question); *King v. Hutcheson*, No. 4:09-cv-25, 2009 U.S. Dist. LEXIS 94428 (M.D. Ga. Oct. 9, 2009) (awarding sanctions where plaintiff's counsel knew complaint lacked proper basis but declined to withdraw in response to Rule 11 letter).

## I.    Plaintiff's Opposition Confirms That the FAC is Objectively and Subjectively Frivolous.

### A.    The FAC Turns on the Trapani Allegations

Plaintiff argues that E&Y and the other defendants ignore the Torres Declaration and other information gathered by Plaintiff both before and after the filing of the FAC.  Those arguments ignore the dispositive inquiry: did the Trapani allegations have a reasonable factual basis?

3

Following dismissal of the original consolidated complaint, Plaintiff filed the FAC and its Motion to Partially Lift the Discovery Stay.   In that Motion, Plaintiff pointed to Trapani as the primary source of the amendments:

> [The FAC] provides additional factual support concerning the loan loss reserve process, its inadequacy, unreliability and inaccuracy. Many of these factual details have been provided by Mr. Trapani.

(Dkt. 103 at 6).  The amendments included allegations suggesting, implicitly or explicitly, that Trapani had personal knowledge. *See, e.g.*, Am. Compl. ¶ 139 ("***[Trapani] confirmed that SunTrust was under-reserved throughout 2007.***") (emphasis in original) and Am. Compl. ¶ 145 ("***Indeed, [Trapani] had several discussions throughout 2007 with defendants Fortin, Panther, Chancy and Wells about being substantially and materially under-reserved.***") (emphasis in original). And, when opposing the defendants motions to dismiss the FAC, Plaintiff boldly asserted that "Trapani confirms that defendants were aware SunTrust was under-reserved throughout 2007 and at the time of the Offering." (Dkt. 117 at 23). Trapani was the basis for Plaintiff's amendment, despite its current attempt to suggest otherwise.[2]

---

[2]  Remarkably, after SunTrust's opposition to the Motion to Partially Lift the Discovery Stay raised the issue that Trapani left SunTrust in late August 2007, Plaintiff's Reply does not let on that this was not news to Plaintiff's counsel, mentioning it only in a footnote criticizing SunTrust's counsel for not including a sworn declaration to that effect. (Dkt. 109 at 14 n.8) ("Actually, in a footnote ***with***

In its September 7, 2011 Order denying the motions to dismiss the FAC (Dkt. 124), the Court concluded that the Trapani allegations were the linchpin for Plaintiff's amended claims: "Plaintiff supports these claims principally by relying on information provided by SunTrust's former Group Vice President of Risk Management, Scott Trapani." (Dkt. 124 at 8). The Court continued:

> The Amended Complaint represents directly and implicitly that Trapani performed his Group Vice President function through calendar year 2007 and allegations in the Amended Complaint assert facts provided by Trapani regarding conduct at SunTrust through the entirety of 2007.  That is, the Complaint alleges that Trapani had personal knowledge of SunTrust's operations and financial affairs to the end of 2007. . . .  If Trapani does not have personal knowledge of events in the second half of 2007, the Court will consider later whether these allegations support a violation of the pleading standards under the Federal Rules of Civil Procedure.

(Dkt. 124 at 8-9 n.5).[3]  Having warned Plaintiff, the Court denied the defense motions, primarily because of the Trapani allegations, despite concluding that the allegations and related inferences were nonetheless scant. (Dkt. 124 at 25-27).

---

*no supporting sworn testimony*, [the SunTrust Defendants] declare "Trapani was relieved of his job duties as of late August 2007.") (emphasis in original and internal citation omitted).  Thus, Plaintiff concealed its knowledge of this fact in order to perpetuate its false impression that Trapani had personal knowledge through year-end 2007.

[3] Plaintiff's Opposition illogically and erroneously contends that this means Trapani's absence from SunTrust was "a fact known and considered by the Court at the time it denied defendants' motion[s] to dismiss." (Dkt. 145 at 1).  However,

### B.    Plaintiff's Arguments Regarding the Trapani Declarations are Unavailing

Trapani says he has no personal knowledge of year-end 2007.  Plaintiff argues that the Court should nonetheless ignore the Trapani Declarations because SunTrust's counsel allegedly violated ethical rules in obtaining the declarations and Trapani's sworn statements are "recantations" of statements made to Plaintiff's investigators.  Plaintiff's arguments are unavailing.

First, Plaintiff's own admissions regarding Trapani's departure from SunTrust render it unnecessary for the Court to rely upon the Trapani Declarations. As explained above and in E&Y's opening brief, Plaintiff's admission that it knew Trapani had no personal knowledge at year-end 2007 is sufficient evidence that the key allegations in the FAC were both objectively and subjectively frivolous.

---

the language of the Order itself makes clear that the Court did not (and of course could not) consider that fact:

> The Court, of course, views the allegations in the [FAC] in a light most favorable to the Plaintiff and thus must assume Trapani had personal knowledge of the matters upon which allegations attributed to him are based including the facts alleged about SunTrust's conduct to the end of 2007.

(Dkt. 124 at 8-9 n.5).  The same rationale applies to, and demonstrates the absurdity of, Plaintiff's erroneous contention that E&Y does not contest, or has somehow admitted, other allegations in the FAC simply because they are not challenged on this motion.  (Dkt. 145 at 4).

For the circumstances surrounding SunTrust's communications with Trapani, E&Y respectfully defers to the SunTrust Defendants' response on this issue.

Finally, Plaintiff contends that Trapani has "recanted" his earlier statements to the investigators and argues that sanctions are inappropriate "where a pleading relies upon a confidential witness who subsequently disavows statements attributed to them." (Dkt. 145 at 21) (citations omitted).[4]  But Trapani hasn't recanted or disavowed the statements that are the basis of this Motion.  He told Plaintiff's investigators then what he has sworn to the Court now:  He stopped working at SunTrust on August 28, 2007.  Plaintiff does not—and cannot—dispute this motion-dispositive fact.

### C.     Plaintiff Has No Viable Source to Support the FAC

Attempting to distance itself from the fatal flaw in the Trapani allegations, Plaintiff's Opposition points to the Torres Declaration and the remainder of the investigation by Plaintiff's counsel as additional bases for the FAC.  However, confidential witnesses must have contemporaneous personal knowledge to support the corresponding allegations. *See Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230,

---

[4]  The fallacies underlying Plaintiff's recantation argument were also addressed in the SunTrust Defendants' Reply in Support of their Motion for Reconsideration. (*See* Dkt. 141 at 11-12).

1240 (11th Cir. 2008) (requiring complaint to "fully describe the foundation or

basis of the confidential witness's knowledge, including the position(s) held, the

proximity to the offending conduct, and the relevant time frame.").   Applying

*Mizzaro*, Judge Batten recently explained as follows:

> The Eleventh Circuit has held, however, that reliance on confidential
> witnesses is permissible only "so long as the complaint
> unambiguously provides in a cognizable and detailed way the basis of
> the whistleblower's knowledge." *Mizzaro,* 544 F.3d at 1239. In other
> words, the Court must be able to determine whether the former lab
> tester has reliable first-hand knowledge or whether his statements are
> based on unreliable hearsay or gossip. *Zucco Partners, LLC v.
> Digimarc Corp.,* 552 F.3d 981, 996 (9th Cir. 2009).

*City of Pontiac Gen. Emps. Ret. Sys. v. Schweitzer-Mauduit Int'l, Inc.*, No. 1:10-

cv-711-TCB, 2011 WL 3799588 at *27 (N.D. Ga. Aug. 26, 2011).  As explained in

detail in the SunTrust Defendants' Reply Briefs in Support of their Motion for

Sanctions and Motion for Reconsideration, Trapani, Torres and the remainder of

the confidential witnesses cited by Plaintiff lack personal knowledge of SunTrust's

year-end 2007.  (*See* Dkt. 141 at 6-10 and Dkt. 146 at 8-10) (each describing in

detail the deficiencies in the Torres Declaration, including the attempts to gather

after-the-fact "corroboration").

Plaintiff's only defense appears to be its contention that, so long as Trapani

in fact made a statement to Plaintiff's investigator, that is sufficient to support an

allegation in the FAC, regardless of the source of Trapani's purported knowledge.

(Dkt. 145 at 7-9).   And, in sharp contrast to the presentation in the FAC and Plaintiff's opposition to the defense motions to dismiss, Plaintiff now backpedals and admits that the Trapani allegations relating to year-end 2007 are based on nothing more than hearsay and speculation. (Dkt. 145 at 8 and n.4).

Regardless of whether Plaintiff points to Trapani, investigator Torres, or other purported confidential witnesses, the conclusion is the same:  Plaintiff lacked a reasonable factual basis for the allegations made against E&Y in the FAC.

## II.    Rule 11's Policy Goals Would be Served By the Imposition of Sanctions.

Despite Plaintiff's attempted diversions, Plaintiff never once disputes the only fact that matters to this Motion—Trapani has no personal knowledge of SunTrust's financial affairs after August 28, 2007.  *That* fact proves that the Amended Complaint is objectively frivolous and nothing offered in the Opposition proves otherwise.  And, the admission of knowledge by Plaintiff's counsel at the time they filed the FAC establishes that it was subjectively frivolous.  (Dkt. 135 at 15) (acknowledging "Trapani was not physically at SunTrust after August 2007 . . . ."); (Dkt. 135-1 at ¶¶ 58-59) (acknowledging Trapani informed Plaintiff's investigators in the September 24, 2010 interview that his last day working at SunTrust was August 28, 2007).

Sanctions exist precisely to deter the type of conduct engaged in here.  *See Thompson*, 610 F.3d at 636 (Congress enacted the PSLRA "in large part . . . to deter strike suits by opportunistic private plaintiffs that filed securities fraud claims of dubious merit in order to exact large settlement recoveries."); Fed. R. Civ. P. 11(c) (sanctions must be sufficient "to deter repetition of the conduct or comparable conduct by others similarly situated").[5]  "Rule 11 prohibits . . . filing a pleading that has no reasonable factual basis . . . ." *Thomas*, 360 F. App'x at 75. Plaintiff here did exactly that.

_____

[5]  Plaintiff's Opposition makes much of a regrettable misinterpretation of the court's opinion in *In re Star Gas Sec. Litig.*, 745 F. Supp. 2d 26 (D. Conn. 2010), in which counsel for E&Y mistakenly believed the court sanctioned this Plaintiff's counsel for filing a frivolous complaint.  Although the opinion lists "Robbins Geller Rudman & Dowd LLP" among the counsel "for Plaintiffs," when combined with further analysis of other pleadings on the *Star Gas* docket, it appears that Robbins Geller was not among the counsel sanctioned for the frivolous complaint. E&Y apologizes for this error.  However, it remains true that the court's rationale in *Star Gas* supports sanctions here, and that it is not the first time that this Plaintiff's counsel has advanced unsupportable allegations.  *See City of Livonia Employees Ret. Sys. v. Boeing Co.*, No. 09C7143, 2011 WL 824604, at *5 (N.D. Ill. Mar. 7, 2011) (dismissing amended complaint because "[m]aterial facts concerning the confidential source's position and personal knowledge were misrepresented by plaintiffs"); *Campo v. Sears Holding Corp.*, 635 F. Supp. 2d 323, 335 (S.D.N.Y. 2009) ("Plaintiffs rely in large part on the supposed direct personal knowledge of three confidential witnesses.  These individuals do not, however, support plaintiffs' allegation.").  The Advisory Committee Notes to Rule 11 make clear that similar conduct in other litigation is one of the factors considered by courts when determining whether to impose sanctions. Fed. R. Civ. P. 11 Adv. Comm. Notes to 1993 Amendment.

Despite knowing that the key allegations in the FAC were grounded only in hearsay and speculation rather than personal knowledge, Plaintiff's counsel not only pursued those allegations, it reaffirmed and extolled them in subsequent briefing.  The Advisory Committee Notes to the 1983 Amendment to Rule 11 make clear that that the Rule was amended to encourage "[g]reater attention by the district courts to pleading and motion abuses" and that sanctions "should discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." Fed. R. Civ. P. 11 Adv. Comm. Notes to 1983 Amendment.   The 1993 Amendment "in part expand[ed] the responsibilities of litigants to the court" and "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable . . . ." *Id.*, Notes to 1993 Amendment.

Plaintiff should have abandoned its claim after E&Y's initial Motion to Dismiss was granted but did not do so.  Instead, knowing it had no reasonable factual basis for its amended claim as to E&Y, Plaintiff's counsel pursued the FAC, vigorously defended it, led the Court to believe that it had a basis for the allegations when it did not, and caused E&Y to incur substantial expense to defend unsupported allegations.  Under these circumstances, sanctions are warranted and an award of the fees incurred by E&Y as a result of the Rule 11 violation is

11

appropriate. Fed. R. Civ. P. 11(c)(4) (sanction may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."); *see, e.g.*, *Patterson v. Aiken*, 111 F.R.D. 354, 358 (N.D. Ga. 1986) (Forrester, J.) (finding award of fees to be appropriate Rule 11 sanction for frivolous complaint); *see also Gurary v. Nu-Tech Bio-Med, Inc.*, 303 F.3d 212, 223-24 (2d Cir. 2002) (noting that where Rule 11 violation is substantial, presumption under PSLRA is an award of fees).

## CONCLUSION

For all the reasons set out above and in E&Y's opening papers, this Court should (1) strike the false allegations in the Amended Complaint, (2) dismiss the Amended Complaint with prejudice, (3) deny Plaintiff's request for an award of fees associated with responding to the sanctions motions, and (4) order Plaintiff and/or Plaintiff's counsel to pay all the legal fees and expenses that E&Y has incurred since October 8, 2010, the date that Plaintiff filed the Amended Complaint.

Submitted this 8th day of December, 2011.

KING & SPALDING LLP

*/s/ John A. Chandler*
John A. Chandler
Ga. Bar No. 120600

Cheri A. Grosvenor
Ga. Bar No. 314360
1180 Peachtree Street, N.E.
Atlanta, GA 30309
(404) 572-4600
(404) 572-5140 (fax)

Of Counsel:
William A. Barrett
Associate General Counsel
Ernst & Young LLP
5 Times Square
New York, NY 10036-6530
(212) 773-9177 (direct dial)
(212) 773-2388 (fax)

*Counsel for Defendant Ernst & Young LLP*

13

# FONT CERTIFICATION

I certify that this pleading complies with the font requirements of LR 5.1B

because the document has been prepared in Times New Roman, 14 point.

*/s/ John A. Chandler*
John A. Chandler
Georgia Bar No. 120600

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which serves notification of such filing to all CM/ECF participants.

This 8th day of December, 2011.

*/s/ John A. Chandler*
John A. Chandler
Georgia Bar No. 120600