IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BELMONT HOLDINGS CORP., et al., Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>v.<br><br>SUNTRUST BANKS, Inc., et al.,<br><br>       Defendants. | 1:09-cv-1185-WSD<br><br>(Consolidated) |

**ORDER**

This matter is before the Court on Belmont Holdings Corporation's ("Plaintiff") Renewed Motion for Leave to Take Depositions [163] and following the December 18, 2012, evidentiary hearing that was held pursuant to the Court's October 4, 2012, Order.[1]

The Court conducted an evidentiary hearing on December 18, 2012, following communications to the Court from Plaintiff's investigator, Desiree Torres ("Ms. Torres"), regarding the Court's Order of August 28, 2012. At the hearing, Torres testified regarding her concerns about the manner in which the

---

[1] The factual background and procedural history regarding this action is more fully recounted in the Court's September 7, 2011, and August 28, 2012, Orders (the "September 7th Order" and "August 28th Order").

information she collected from fact witnesses in this action was presented to the Court. After Torres testified, Plaintiff's counsel explained their case-management and litigation decisions in this action.

After hearing testimony and argument at the hearing, the Court concludes that, while not in keeping with the conduct expected of attorneys practicing before this Court, Plaintiff's counsel's actions in this matter did not constitute an actionable violation of the Federal Rules of Civil Procedure. The Court remains troubled by the conduct of Plaintiff's counsel in failing to correct representations made in their pleadings or to notify the Court of them immediately after it became apparent that Trapani did not have knowledge after August 2007 of Defendants' conduct or beliefs regarding the ALLL and Provision. The decision not to correct the record after counsel became aware of the Court's reliance on Plaintiff's representations is perplexing and disappointing. Had Plaintiff's counsel done so, Ms. Torres likely would not have felt compelled to contact the Court after reading the August 28th Order based on her understanding of the manner in which the Court interpreted the information that was provided to it by Plaintiff's counsel.[2]

---

[2] The unusual event of a plaintiff's investigator contacting the Court required an inquiry into this matter. The most regrettable consequence of Plaintiff's counsel's actions in failing to promptly correct the information submitted is that Torres elected to resign her position as an investigator based on these events. Having benefitted from Ms. Torres' contact with the Court and having heard her testimony

Accordingly,

**IT IS HEREBY ORDERED** that the Court elects not to take further action in this matter and to conclude this proceeding.

**IT IS FURTHER ORDERED** that ("Plaintiff") Renewed Motion for Leave to Take Depositions [163] is **DENIED AS MOOT**.

**SO ORDERED** this 5th day of February, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

at the hearing, the Court was impressed with her honesty, competence, and interest in seeking just and fair outcomes.